### ADKINS et al. v. ALLEN.

1  Bond to replevy goods taken in attachment is properly made payable to the sheriff.
2.  Such bond is assignable by the sheriff to the plaintiff, and may be sued on by plaintiff as assignee.
3.  A discontinuance as to one of several joint obligors. who was served with process, is a discontinuance as to all, *aliter* if not served.

WILLIAM B. ALLEN obtained an attachment against Peter M'Laren. which was levied on his goods. M'Laren with Allen Adkins, E. B. Byrd and William Barksdale as his securities, executed their bond in September, 1821, to replevy the goods, agreeably to the provisions of the act of 1818. *a* Said bond was made payable to the sheriff in the penalty of $686.

*a Laws Ala. 21.*

In March 1822, Allen recovered in the attachment a judgement against M'Laren for $322 50, and in September, 1822, commenced an action of debt on said bond in the Circuit Court of Dallas county, in his own name as assignee of the sheriff against M'Laren, Adkins, Byrd and Barksdale, and the writ was *returned "executed."*

The plaintiff declared against the securities only, discontinuing his suit as to M'Laren, and on the trial, the jury on an issue joined on the plea of conditions performed, found a verdict for the plaintiff against the securities for $686 debt, and five cents damages ; at what term, does not appear by the record.

W. CRENSHAW and H. G. PERRY, for the plaintiffs, assigned in this Court as causes for reversing the judgement, and argued, that the bond which was the foundation of the action was illegal and void, and such as no

judgement could legally have been rendered upon; that it was made payable to the sheriff, whereas it should have been taken payable to the plaintiff in the attachment; that the name of E. R. Byrd was only signed to the foot of it and should have been inserted in the face of the bond, where it did not appear; that the discontinuance as to M'Laren, was a discontinuance of the whole action. The judgement is rendered for more than the plaintiff is entitled to recover, and appears to have been rendered at the return term of the writ, &c.

JANUARY 1827.

Adkins etal.
v.
Allen,

WHITE and GORDON, for defendant in error.

### By LIPSCOMB, Chief Justice.

THE plaintiff discontinued as to M'Laren, and declared against his securities; and from aught that appears in the record, judgement was rendered on the verdict of a jury at the return term of the writ, for six hundred and eighty-six dollars debt, and five cents damages, the debt being the precise amount of the bond, and something more than double the amount of the judgement recovered against M'Laren. From this statement, it is very clear that there is sufficient error to reverse the judgement. It has been decided at the previous term of this Court, that it is error to discontinue against one of several joint obligors who have been sued, if the one discontinued against has been served with process. If service has not been executed, the plaintiff may discontinue; but a discontinuance as to one who has been served with process, is a discontinuance as to all.

There is another point of much importance in practice; it is contended that the replevy bond in this case is not assignable. By the attachment law of 1807, the property levied on could only be replevied by giving special bail: the bail was bound for the amount of such judgement as should be rendered against the defendant, or for the surrender of his person in custody. There is no question but this bond was assignable under the provisions of the act authorizing the transfer of bail bonds.

The act of 1818, provides that the bond shall be conditioned for the payment of such judgement as shall be recovered against the defendant or the forthcoming of the property levied. The statute is silent as to whom the bond shall be made payable; but as the property, if surrendered in discharge of the bond would necessarily be

delivered to the sheriff, there seems nothing unreasonable in the presumption, that the law designed that it should be made payable to him ; and by reference to the former law, we feel authorized to say, that it can be assigned in like manner as the special bail bond under the former law.

The judgement must be reversed.