IVEY *VS.* GAMBLE.

1. The rule, that a plaintiff can not discharge his action against any one defendant, who has been sued on a joint contract, has not been adopted in this country, to the extent, in which it prevails in England:

2. The rule, however, never extended to cases, where one or more defendants, are discharged, by matters subsequent to the contract ; as, in case of bankruptcy, and of executors and administrators, where one may be discharged, on the plea of *plene administravit*, and a verdict be had against the other.

3. There is no distinction between a discharge, under a statute of bankruptcy, and a discharge by reason of the statute of limitations, so far as the rules of pleading are involved.

5. A verdict establishes the truth of pleadings—and so, where defendants are sued jointly, and where the plea and replication are joint,—a verdict, on the plea of the statute of limitations, in favor of one, and against another joint defendant, will be supported.

Error to the Circuit court of Lowndes county.

Assumpsit—tried before Judge *Hunter.* Suit on a note against two defendants—Ivey and McBride. They pleaded several pleas; also a joint plea of the statute of limitations. Replication, that the defendants had not been six years within the State of Alabama, previous to suit brought, and that the note was made in South Carolina ; on which issue was taken. Verdict for plaintiff, against Ivey, and in favor of McBride, and judgment against Ivey, who here assigned for error, that the judgment was rendered against him upon the verdict, as found by the jury.

*Dargan,* for the plaintiff in error.
*Geo. Goldthwaite,* contra.

*Dargan,* for the plaintiff in error, argued—that where two defendants were sued on a joint contract, and one pleads a personal discharge—or gives in evidence matter which goes to his personal discharge—plaintiff may enter a *nolle prosequi.*—(2 Saunders, 260, 207 ; 1 Wilson, 90 ; 5 Johns. 160 ; 1 Peters' R. 46, 74 ;) also, that a *retraxit* is a bar to an action. Promise by two, to which the statute of limitations was plead—and an acknowledgment by one—the other not bound.—(Angel on Limitations, 274.)

*Geo. Goldthwaite,* for the defendant. If the plaintiff had replied as to Ivey only, it would have been a discontinuance—(1 Stewart, 130.) In assault and battery, if two defendants join in a plea of *son assault demesne,* the jury may find the plea true as to one, and not as to the other.—(1 Chitty, 544.) If the verdict here could not be sustained, it is in the power of two joint defendants to defeat any action. The replication was good. (1 Stewart & Porter, 36.)

GOLDTHWAITE, J.—The only question presented is, whether any judgment ought to have been rendered against Ivey, as the pleadings are joint, and the verdict is against him alone.

The rule mentioned by Mr. Williams, in his note to Saunders, (2 Saund. 207, note 2) that a plaintiff can not discharge his action against any one defendant who has

Ivey *vs.* Gamble.

been sued on a joint contract, though unquestionable in England, has not been adopted in this country, to the extent laid down in the note. Indeed, there is a manifest injustice, in visiting on the plaintiff, as a fault, what is only his misfortune, when he has contracted with individuals who have not the capacity to bind themselves, as in the case of infancy and coverture. Yet, even in such cases, it has been decided in England, that the plaintiff can not discontinue against the infant or feme covert, and proceed against the other defendants, but he is forced to discontinue against all, and commence a new action against those liable to be sued.

A more reasonable rule has been adopted in New York, where the plaintiff is permitted to discontinue against a co-defendant, who pleads any matter which shows an inability to make the contract declared on, and he proceeds against the other defendants.—(Hartness v Thomson & wife—5 Johns. 160; Andrus v Waring; 20 ib. 160 ; Whitbeck vs. Cook and Wife—15 ib. 483.)

The rule, however, never extended to those cases where one or more defendants are discharged by matter *subsequent* to the contract, as in the case of bankruptcy ; which, although a discharge to the action, will not preclude the plaintiff from entering a discharge as to the bankrupt, and proceeding against the other defendants.—(2 Saund. 207, note 2 ; 1 Wils. 90.) So also, in the case of executors, one may be discharged on the plea of *plene administravit,* and a verdict be had against the others.

It is difficult to perceive any sound distinction between a discharge under a statute of bankruptcy, and a dis-

Ivey *vs.* Gamble.

charge by reason of the statute of limitations, so far as the rules of pleading are involved : both are matters which arise subsequent to the contract—both are personal in their character, and can not enure to the benefit of other parties. Nor can the fact, of the plea and replication being joint, in our opinion, make any difference. It is the verdict which establishes the truth of the pleadings ; and as the matter here determined by the verdict, in favor of McBride, can not, in any way, operate to the benefit of Ivey, the judgment was correctly given on it.

Let the judgment be affirmed.