## KEEBLES v. FORD AND VINING.

1. The dismissing of a suit as to one of three joint and several obligors, after ser. vice of process on all, and before any defence personal to that one is pleaded, is a discontinuance of the whole action.

WRIT of Error to the County Court of Madison county.

Action of *debt*, by Ford and Vining, on a bill single, made by the two Keebles and Rodah Horton. The summons issued against all the defendants, but was not served on Horton, as to whom there was a return of "not found." Afterwards an *alias* summons issued, and was served on Horton, and at its return the plaintiffs dismissed the suit as to him, and took a judgment by default against the two other defendants.

This judgment is now assigned as error.

MOORE, for the plaintiffs in error, insisted that the dismissing the suit against Horton was a discontinuance of the action.

W. COCHRAN, for the defendants, relied on Oliver v. Hutto, at this term.

GOLDTHWAITE, J.—It is argued that the *alias* summons issued without the assent of the plaintiffs, and is the unauthorised act of the clerk, by which they ought not to be injured. We are not authorised so to consider it, for the process was applicable to the condition of the case, when issued, and it was not a necessary part of the clerk's duty to issue it without instructions; it must therefore be considered as the act of the plaintiffs, and being so, they could have no judgment against the defendants at its return term, except by confession. [Meek's Sup. 13.]

The question here, however, is not as to the manner in which the plaintiffs might have conducted their suit, but as to the effect of thus dismissing it against one who appears to have been regularly in court.

It is a settled rule, that in general, a plaintiff cannot discharge any one defendant who is sued on a joint contract, without its op-

erating as a discontinuance of the action. [2 Saund. 207, note 2.] And though this rule has, with us, been changed by statute, [Dig. 267, § 56,] so as to allow a discontinuance against such defendants, in certain enumerated cases, as where some are not served with process; yet it has been held from a very early period in this State, that when such a suit as this is discontinued as to one, the action is discontinued as to all. [Adkins v. Allen, 1 Stew. 130; Harrington v. Smith, *supra*.]

We wish to be understood as limiting our decision solely to the case presented, as the rule very possibly may not extend to a discontinuance, after a defence, personal in its nature, has been interposed by the one who is afterwards discharged from the action. [Ivey v. Gamble, 7 Porter, 545.]

Our conclusion is, that the dismissal of Horton from the suit, was a discontinuance of the action as to the other defendants.

Let the judgment be reversed.