## GIVENS v. ROBBINS & PAINTER.

1. When an action is commenced against three jointly, continued as to two, and judgment rendered against the third—the entire action is discontinued.
2. An application for the benefit of the bankrupt law by one against whom a suit is commenced, does not justify a continuance of the cause.

ERROR to the Circuit Court of Benton.

This was an action of *assumpsit*, on a promissory note, by the defendant in error against E. L. Givens, H. L. Givens and W. T. Givens as partners. After the commencement of the suit, E. L. & H. L. Givens applied for the benefit of the bankrupt law, and this fact being suggested to the court by them, and a continuance moved for, the court continued the cause as to them, though objected to by the plaintiff's counsel and refused to continue as to the other defendant.

A joint demurrer to the declaration, which had previously been filed, was then overruled, and W. T. Givens filed three pleas, *non est factum, non assumpsit,* and payment. Issue was taken on the second and third pleas, and a special replication to the first, to which the defendant demurred, and which was sustained by the court. The court permitted the plaintiff to reply again to the first plea, notwithstanding the objections of defendant's counsel. The error assigned is, that the cause was discontinued.

RICE, for the plaintiff in error, contended that after a joint plea by all the defendants a continuance of the cause as to two, and trial as to the third, was a discontinuance of the entire action. That the special replication of one defendant was a discontinuance. He further maintained that an application for the benefit of the bankrupt law did not confer on the debtor the right to suspend proceedings in an action against him until he obtained a decree in bankruptcy. He cited, 2 Tidd's Pr. 684; 3 Ch. Gen. Pr. 753; 15 Johns. Rep. 398; 2 Cowen's Rep. 512; 6 Com. Dig. 205, 271.

MOORE, *contra.*

ORMOND, J.—According to our practice, the granting or refusing permission to continue a cause, is a matter of discretion with the court below, and cannot be reviewed in this court. We think it proper, however, to say, that we entertain no doubt that an application for the benefit of the bankrupt law, will not entitle a party who has been sued, to a continuance of his cause. The act of Congress does not contemplate that the party applying for the benefit of the act, shall be released from his debts until he obtains his discharge and certificate according to the rules prescribed in the 4th section of the law; and as it is altogether uncertain whether he may ever obtain his discharge, the mere application of the debtor, is no ground for delaying the creditor in the prosecution of his suit.

But, although for the reason given, the question of continuance, as such merely, cannot be reviewed in this court; yet, when made as to two out of three joint defendants, it becomes necessary to consider what are the consequences attending it, as it regards the other defendant.

At common law, a chasm in the proceedings by a neglect to continue the cause, or the omission in a plea, or replication, to answer the whole matter of the bar, or declaration was a discontinuance and defeated the action. So a discontinuance as to one defendant, is a discontinuance as to all. [6 Com. Dig. Pleader, w. 2, 3, 4; Tippet v. May, 1 B. & P. 411; Keeble v. Ford & Vining, at the last term.]

By the proceeding here, the continuity of the cause has been destroyed; the action, which at its commencement, was joint, has become several, and the consequence is, that it is discontinued. By statute in this State, a discontinuance is permitted against those on whom the process is not served, without producing this result. [Aik. Dig. 267.] But there is no statute authorising the course pursued in this case, and the judgment must therefore be reversed.