# PALMER, use, &c. v. SEVERANCE & STEWART.

1. Where two makers of a promissory note are sued jointly, and the evidence warrants a verdict against one only, it is error to instruct the jury, the verdict should be for the defendants generally. The proper course is to allow a verdict according to the facts, and leave it to the parties to enter judgment, or arrest it, as they may be advised.

Writ of Error to the Circuit Court of Russell.

Assumpsit, by Ann Palmer, for the use of Jesse A. Palmer, against Severance & Stewart, as the joint makers of a promissory note. At the trial, it was proved the note was given for the loan of money at usurious interest, and that the principal sum had been paid previous to the commencement of the suit. The plaintiff then put in evidence, tending to shew that the usee was induced by Severance to trade for the note, by his assurance that the note was good, and he would pay it if the usee would wait with him until Christmas; but there was no evidence connecting the other defendant with these declarations.

The court charged the jury, they could not find a verdict in favor of the defendant, Stewart, and against the other defendant; but that if the defence relied on was sustained, as to one of the defendants, the verdict should be in favor of the defendants generally. The plaintiff thereupon took a nonsuit, and excepted to the opinion of the court.

That is here assigned as error.

Heydenfeldt, for the plaintiff in error, insisted, the effect of the statute, making joint obligations, &c., joint and several, [Digest, 323, § 61,] was to warrant a verdict against one, and for another joint promissor. [Ivy v. Gamble, 7 Porter, 545; Severance v. Palmer; 9 Ala. Rep. 53.]

Palmer, use, &c. v. Severance & Stewart.

J. E. BELSER, contra, cited True v. Clark, 3 Bibb, 295 ; Hall v. Rochester, 3 Cowen, 374 , Williams v. McFail, 2 S. & R. 281 ; Tidd's Prac. 591.

GOLDTHWAITE, J.—The construction hitherto given to the statute, which makes joint obligations, &c., joint and several, [Digest, 323, § 61,] has been, that it does not warrant the discontinuance of the suit, when commenced against several, except as to those who are not served with process; [Keebles v. Ford, 5 Ala. Rep. 183 ; Saddler v. Houston, 5 S. & P. 206; Adkins v. Allen, 1 Stewart, 130,] and that if one is discharged by verdict, ôn a defence which does not arise subsequent to the contract, or is personal to the defendant insisting upon it, it will prevent, or be sufficient cause to arrest the judgment against the others. [Ivy v. Gamble, 7 Porter, 545 ; Turner v. Lazarus, 6 Ala. Rep. 875.] But although the arrest of the judgment is the consequence when one is thus discharged, it does not follow that when one only succeeds in making good the common defence, or that is obviated as to the other, that a general verdict shall be returned for both defendants. The effect of a general verdict would be to bar the plaintiff afterwards of his several action against the defendant really liable to him, which is entirely different from the consequences which follow an arrest of judgment. We think the charge, in this view, was erroneous, and the court should have permitted a verdict according to the proof, leaving it afterwards to the parties to move for judgment, or to annul it as they should be advised.

Judgment of non-suit reversed, and cause remanded.