## BUSSEY v. THE BR. BANK AT MONTGOMERY.

1. In a suit, by the Bank of the State of Alabama or any of its branches, on a joint and several promissory note or bill of exchange, judgment may be rendered, under the statute of 1840, requiring all the parties to be sued in the same action, against any defendant, whom the jury shall by their verdict find liable on it, although other defendants may make a successful defence and defeat a recovery against them.

Error to the Circuit Court of Montgomery. Before the Hon. Geo. Goldthwaite.

This was a proceeding by notice and motion by defendant, against plaintiff in error and one Findley, to recover the amount of a promissory note for $500, purporting to have made by them. Bussey and Findley severed in their pleas— the former pleading, the general issue, and the latter, *non est factum*. The jury found against Bussey, and in favor of Findley, and the judgment of the court was in conformity with the verdict. Bussey moved in arrest of judgment, but the court overruled his motion, and this is now assigned as error.

J. P. SAFFOLD, for plaintiff in error.

"If one is discharged by verdict on a defence which does not arise subsequent to the contract, or is personal to the defendant insisting on it, it will prevent, or be sufficient cause to arrest the judgment against the others." Palmer, use, &c. v. Severance & Stewart, 10 Ala. R. 346; Ivey v. Gamble, 7 Porter, 545; Turner v. Lazarus, 6 Ala. R. 875; Gray's adm'r v. White, 5 Ala. R. 490.

"Even where there is a judgment by default against one, and upon the trial the co-defendants are successful, the effect of the verdict would be to vacate that judgment, and operate a discontinuance of the action." Turner and others v. Lazarus, 6 Ala. Rep. 878.

"Where the holder of a joint and several note sues all the makers, he cannot sever, and take judgment against one

only." Platner v. Johnson, 3 Hill, 476; 2 Sup. U. S. Dig. 224, art. 160.

Where a joint judgment and joint verdict have been rendered against defendants, and there is no evidence to sustain the verdict as to one, the verdict must be set aside, and the judgment reversed as to both. Saunders v. Harris, 5 Humph. (Tenn.) R. 345; 2 Sup. U. S. Dig. 226, art. 205.

The statute law (Clay's Dig. 111, § 39,) providing for a severance in case either party demand it, does not affect this proceeding, as no person demanded a severance, and both defendants were tried before the same jury, at the same time, and the same verdict was in favor of one, and against the other.

J. A. ELMORE, contra.

CHILTON, J.—In Turner et al. v. Lazarus, 6 Ala. Rep. 877, it is said that the act of 1818, (Clay's Dig. 323, § 61, 62,) which declares every promissory note, &c. shall be construed to have the same effect in law as a joint and several note, &c., and makes it lawful to sue out process, and to proceed to judgment against any one or more of the makers, and which authorizes the plaintiff in a joint suit against several defendants, to discontinue as to such of them as have not been served with the process, &c., has never been held to authorize a judgment against one joint maker of a note, where all of them have been brought before the court by service of process. It is further added, that this statute does not modify the common law rule, further than to authorize a discontinuance as to those on whom the writ has not been executed.

The common law rule, as it is recognized by the English decisions, undoubtedly is, that in actions *ex contractu*, a discontinuance as to one defendant, sued on the joint contract, is a discontinuance of the entire suit. See 2 Saund. 207, n. 2; also Jones et al. v. Pitcher, 3 Stew. & Por. 135, and cases cited. But this rule, it is said, never extended to those cases where a defendant is discharged by matter arising *subsequent* to the contract, or is personal to the party pleading

it; for example, a discharge in bankruptcy, or in the case of executors, where one is discharged upon the plea of *plene administravit.*

So in Ivy v. Gamble, 7 Porter's Rep. 545, it was held that where one party was discharged upon the plea of the statute of limitations, a judgment would be supported upon the verdict of the jury against his co-obligor, and this, although the plea and replication are joint. The court rest the decision on the ground that the plea is of matter arising *subsequent* to the contract, and is *personal* to the defendant.

So also, in Palmer, use, &c. v. Severance & Stewart, 10 Ala. Rep. 346, where one joint obligor was discharged by his plea of usury, and the other, who had induced the person for whose use the suit was brought to trade for the note, was thereby estopped, it was held, that it was erroneous for the court to instruct the jury, if they found the issue in favor of the first, their verdict should be for both defendants. The court do not decide that judgment could have been entered for the one and against the other, had the jury so found, but merely that a general verdict, concluded the plaintiff from bringing his subsequent action against the party who was bound.

In Hall v. Rochester, 3 Cow. Rep. 374, two defendants to a joint and several promissory note made by three, pleaded that the note was fraudulently and oppressively obtained, upon which the plaintiff entered a *nolle prosequi* as to them, and took judgment by default against the third; it was held the action was discontinued as to all. See also, Max v. Roberts et al. (per Ld. Ellenborough, C. J.) 12 East, 89; 1 Chit. Pl. 35, *et seq.;* Noke v. Ingham, 1 Wills's Rep. 89; Morton v. Croghan, 20 Johns. Rep. 122; Platner v. Johnson & Wheeler, 3 Hill's N. Y. Rep. 476; Saunders v. Harris, 5 Humph. (Tenn.) Rep. 345. These authorities, and others which might be referred to, show quite conclusively, that unless there is some statute which comes to the aid of the defendant in error, the present judgment cannot be sustained against Bussey, but should have been arrested by the court below.

It then becomes necessary to inquire, what effect the act of 1840 has upon the case. Clay's Dig. 110, 111, § 37, 38,

39, 40. This act provides that whenever suit shall be commenced by the Bank of the State of Alabama, or any of the branches thereof, on any bill of exchange or promissory note, it shall be the duty of the attorney to include in the writ or notice, the names of all the parties liable on the bill or note; and when the parties to any such bill or note reside in more counties than one, duplicate writs or notices may be issued to the counties in which they reside. If no defence is interposed to such suit, it shall be the duty of the court to render one judgment against all the parties who are legally before the court, and against whom a recovery may be had: *Provided, however*, that if the acceptor of a bill of exchange is served with process, a several judgment shall be rendered against him in all cases where he is liable for a sum different from the other parties to the bill: *Provided, further*, that it shall be the duty of the clerk to indorse upon the execution which party is drawer, first, second, third indorser, &c. that the money may be collected out of the party first liable. It is further provided by the third section, "that if any defence is made to such suit, and the plaintiff, or either of the several defendants, shall demand a severance, it shall be the duty of the court to award the same, and the suit shall proceed to judgment as if the parties had been severally sued. But if several suits shall be commenced contrary to the provisions of the act, the fourth section provides that it shall be the duty of the court to consolidate the same upon the motion of the defendants, and to compel the attorney issuing the writ or notice to pay the costs occasioned thereby, by process of attachment for contempt: *Provided*, that nothing in the act contained shall prevent the plaintiff from discontinuing against any one or more of the defendants in cases now allowed by law, and from issuing other process against such parties as shall not be prosecuted to judgment." This statute was clearly never designed to take away any remedy the banks had to recover upon their paper, but the object doubtless was to save cost and unnecessary litigation and delay. Before its passage, the bank might have brought separate suits against each of the parties to this note, and have recovered against the plaintiff in error; for the jury, by their verdict, have affirmed his liability. Under this statute, if such suits had

been brought, the defendants could have procured their con-solidation, and taxed the attorney with the costs. In such case, the suit would progress as though the parties had been joined in one action, and to deny to the bank the right to take judgment against any one or more of the defendants, (though others may make a valid defence) according to the verdict of the jury, would by implication, be a virtual repeal of the statute declaring such notes to be joint and several. We have said the object of the statute was to save cost and delay, and the court should give it that construction which will best accord with its object and design. Now in the case before us, two parties to the bill are sued; they plead sepa-rately, different pleas; the one makes good his defence, but the other is justly liable for the debt. Shall the bank be turned round to its action against him separately, after pay-ing the cost in the present suit? Would not such construc-tion of the statute contravene its obvious design? We think it quite clear that it would. If judgment on the verdict could not be rendered in this case, the result would be to require the bank by the operation of the statute, to bring two suits —one by which it ascertains judicially that a party to the note is not liable, another, to recover from the party or par-ties who are bound; else, by bringing separate suits, to incur the hazard of having the attorney taxed with the cost, and then a consolidation of the suits on the motion of the de-fendants. The statute, as its title imports, " changes the man-ner of bringing suits on bills of exchange and negotiable pa-per." Each indorsement of a bill of exchange is a separate contract, yet each of the several indorsers are brought before the court as well as the drawer and acceptor, and one judg-ment rendered against all who are liable for the same sum. In thus uniting various defendants, it would doubtless often happen some one or more of them might have valid defences, and it could not have been intended that in proceeding under such process, the bank must recover against all or none. On the contrary, it is most manifest, the common law rule which requires in actions on contracts where several defendants are joined, that a joint liability must be proved, is wholly dis-pensed with.

The statute, it is true, provides for a severance at the in-

stance of either of the parties, but this was not designed to give either party a right to a judgment which could not have been rendered without it; but was intended to prevent delay in cases where one party wished to go to trial, and another to continue the cause; or where one of the defendants desired to make a defence, in the expense and delay consequent upon which, another might not be willing to unite. So, where one party insists upon a showing for a continuance of matters affecting only his own liability, the bank could pray a severance, and proceed to trial as to the other parties.

Upon a consideration of the whole statute, we feel fully satisfied that in actions by the Bank of Alabama, or any of its branches, upon any bill of exchange or promissory note, the statute of 1840, requiring all the parties to be united in the same notice, impliedly authorizes a judgment against any of the parties who may be found by the verdict of the jury to be liable, although other parties may make good their defence, and be discharged.

Our conclusion is, the judgment must be affirmed.