## GRIFFIN, RAYFIELD & GRIFFIN *vs.* WILSON.

1. If a writ issue against three defendants, which is served upon two of them only, and an *alias* is issued and served upon all, it is erroneous to render judgment by default against all of them, at the term to which the *alias* writ is returnable.

2. In such case, a writ of error is properly sued out in the name of all the defendants, and all may join in the assignment of errors.

ERROR to the Circuit Court of Talladega.

WOODWARD, for the plaintiff in error:

The return of the sheriff on the first writ shows that Davd A. Griffin was not served.    The return of the *alias* shows that D. A. Griffin was not served with process until the 2d of September,

1850; consequently but one term of the court has intervened since such service, and it was error to render judgment against him at the appearance term, by default.—Clay's Dig. 334, § 115.

The plaintiff must have judgment against all the defendants, or none. A judgment against two would be a discontinuance as to the whole action.—5 Ala. 183.

Writ of error shows when judgment was rendered.

RICE & MORGAN, contra:

1. The judgment was not rendered at "the appearance term," and is entirely correct.

2. James Griffin and M. Rayfield were served before Spring Term, 1850, and that was the appearance term. The judgment was not rendered until Fall Term, 1850, nor until all the defendants were served.

3. The assignment of errors is joint. And as there is certainly no error as to James Griffin and Rayfield, the fact that they join with David Griffin in the assignment of errors, makes the assignment of errors bad. This is so, upon the principle that a declaration at the suit of three plaintiffs is bad as to all, if it is bad as to two; and also upon the principle, that a joint plea by three defendants is bad as to all, if it is bad as to two.

CHILTON, J.—By the act of 1839, (Clay's Dig. 334, § 115,) it is enacted, that "in all suits instituted in any court having jurisdiction thereof, for the purpose of collecting money, no judgment shall be rendered at the appearance term, except by the consent of parties, from the failure of the defendant or defendants to plead or enter appearance, as now by law required." The writ in the case before us was executed on James Griffin and Moulton Rayfield, but was returned to the first term of the court, "not found," as to David A. Griffin. Is was then permissible for the plaintiff to have discontinued as against the party not found, and to have declared against the defendants on whom the writ was executed. He did not, however, elect to do this, but sued out an *alias* writ against all the defendants, which was duly executed, and the plaintiff took judgment by default against all the defendants at the term of the court to which the writ was made returnable. This was clearly in violation of the statute above stated, and erroneous.

There is no force in the objection, that the plaintiffs in error unite in their assignments of error, and that the judgment having been rendered at the proper term as to two of them, should, upon their joint assignment, be affirmed as to all; for, as they were all served with process, a discontinuance as to one of them before any defence personal to himself was pleaded, would have amounted to a discontinuance of the entire action.—Adkins v. Allen, 1 Stew. 130; Keebles v. Ford & Vining, 5 Ala. 183.

Let the judgment be reversed and the cause remanded.