## MOCK *vs.* WALKER.

[ASSUMPSIT—DISCONTINUANCE.]

1. *Discontinuance of suit against co-defendant; when allowed.*—A plaintiff may discontinue his suit as to a co-defendant who pleads any matter

Mock v. Walker.

of defense, personal in its character—such as infancy, coverture, or a discharge by reason of the statute of limitations—and proceed against the other defendants.

2. *Discontinuance of the suit; what will operate as.*—Where the suit is upon a joint contract, and all the defendants have been served with process, and there is no misjoinder of parties, an amendment of the summons and complaint, striking out the name of one of the defendants, operates as a discontinuance of the action, unless the amendment is made in consequence of a defense by the party whose name is stricken out, of such personal character as would authorize a discontinuance as to him, without effecting a discontinuance of the entire action.

3. *Same.*—If the court below allows such an amendment, on motion of the plaintiff, and it does not appear from the record upon what grounds, the appellate court will presume, the contrary not appearing, that the action of the court below was justified by the facts presented in the motion.

4. *Allowance of amendment not revisable on error, unless reserved by exception.*—The allowance of an amendment of the complaint, is not revisable on error, unless the point is duly reserved by bill of exceptions in the primary court.

5. *When judgment of court below will be corrected.*—Where it appears from the record that the judgment of the court below was rendered for a greater amount than the principal and interest due on the note, the foundation of the action, after allowing the partial payments endorsed thereon, the appellate court will regard it as a clerical misprision, which will be corrected in this court.

APPEAL from the Circuit Court of Perry.
Tried before HON. JOHN MOORE.

THE facts of the case will sufficiently appear from the opinion of the court.

JOHN H. CHAPMAN, for appellant.

JUDGE, J.—This action was instituted in the court below by Nicholas M. Walker, against William Lowery, and the appellant Mock, and there was service of the summons and complaint on both.

The cause of action, as described in the complaint, is a promissory note of the defendants, and one Thomas Lowery, deceased.

The judgment entry recites that the plaintiff below moved the court for leave to amend his summons and complaint, by striking out the name of the defendant, William Lowery, and that his motion was granted; and that thereupon a

judgment by default was rendered against the defendant Mock. It is now contended, that this action of the plaintiff effected a discontinuance of the suit.

The rule of the common law, as recognized in England, is said to be unquestionable, that a plaintiff cannot discharge his action against any one defendant who has been sued on a joint contract, and proceed against the other defendants; and this even after a defense, personal in its nature, has been interposed by the one who is afterwards discharged from the action.—*Ivey vs. Gamble*, 7 Port. 545. But it has been held by this court that this rule of the common law has not been adopted in this country to the extent of its application in England; and that the more reasonable rule here is to permit the plaintiff to discontinue against a co-defendant who pleads any matter of defense personal in its character—such as infancy, coverture, or a discharge by reason of the statute of limitations—and to proceed against the other defendants.—*Ivey vs. Gamble, supra*, and authorities therein cited; see, also, *Keebles vs. Ford & Wining*, 5 Ala. 183.

In the case before us, the plaintiff did not discontinue in terms against one of the defendants, but, as we have seen, obtained the leave of the court to amend his complaint by striking out the name of a co-defendant who had been served with process.

The Code provides, that whilst the cause is in progress, the courts, respectively, "must permit the amendment of the complaint, by striking out or adding new parties plaintiff, or by striking out or adding new parties defendant, upon such terms and conditions as the justice of the case may require."—(Revised Code, § 2809.)

In construing this statute, our predecessors held as follows : " Judging from its language, we think the object of the statute was, to cure defects arising from a non-joinder or misjoinder, without turning the case out of court. The words do not naturally go further than this," &c.—*Laird vs. Moore*, 27 Ala. 326.

If this be a correct interpretation of the statute, it follows, that when the suit is upon a joint contract, and all the defendants have been served with process, and there is

Mock v. Walker.

no nonjoinder or misjoinder of parties, an amendment like the one made in the present case, operates as a discontinuance of the action, *unless the amendment is made in consequence of a defense interposed by the party whose name is stricken out, of such personal character as would authorize a discontinuance as to him, without effecting a discontinuance of the entire action.*

The record does not inform us upon what grounds the motion of the plaintiff below to amend was allowed. The amendment being, in effect, a discontinuance as to the co-defendant whose name was stricken out, would, unexplained, amount to a discontinuance of the action; but we must presume, in the absence of the contrary appearing of record, that the action of the court in the premises was justified by the facts presented on the motion; the rule being in such cases that all reasonable intendments are to be made to sustain the action of the primary court.

But irrespective of what we have said above, it was held by this court at an early period, that " if a writ is executed on two, but the plaintiff discontinues as to one, and takes judgment against the other, no advantage can be taken on error, unless the defendant makes the objection below."—*Roberts vs. Johnson,* 2 Stew. 13.

And this adjudication harmonizes in principle with the more recent decisions of this court, that the allowance of an amendment of the complaint is not revisable on error, unless the point is duly reserved by bill of exceptions in the primary court.—*Jarman vs. McMahon's Adm'r,* 37 Ala. 431 ; see, also, *Stewart vs. Goode,* 29 Ala. 476.

It appears from the record that the judgment was rendered for a greater amount than the principal and interest due on the note, after allowing the partial payment endorsed thereon. This is a clerical misprision which will be corrected in this court.

Let the judgment be corrected and a judgment here rendered for the proper amount, at the costs of the appellant; and as corrected, let the judgment be affirmed.