## WHITAKER *vs.* VAN HORN.

[ASSUMPSIT ON ACCOUNT.]

1. *Discontinuance; what operates as, to whole action.*—Discontinuance as to one of two defendants, in an action of assumpsit, without showing some cause therefor, is a discontinuance of the whole action.

2. *Same; not amendable under* § 2811, *unless waived.*—An unauthorized discontinuance is not such an error or defect as can be amended under § 2811, Revised Code, unless it has been waived by the party who may take advantage of it.

APPEAL from the Circuit Court of Mobile.
Tried before Hon. H. CHAMBERLAIN.

The facts appear fully in the opinion.

HALL & LABUZAN, for appellants.—The discontinuance of the suit against O. P. Hall, is a discontinuance of the whole action.—See *Kebles v. Ford & Fining,* 5 Ala. 183 ; *Givens v. Robins & Painter,* 5 Ala. 677 ; *Ivey v. Gamble,* 7 Barb. 545.

The objection was taken in the court below by motion in arrest of judgment.—See *Blount v. McNeil,* 29 Ala. 473 ; *Stewart v. Goode & Ulrick,* ib. 476. The record shows the objection not to be earlier.

The case cited by appellees does not apply, for the objection there was under section 2554, which provides, that where two are jointly sued, the jury may find in favor of one, and against the other.

The court having granted a new trial, as to both defendants, and plaintiff having acquiesced and gone to trial a second time, against both, without objection, cannot now complain ; besides, the terms on which a new trial is granted by the court, is a matter of discretion with the court.

POSEY & TOMPKINS, for appellee.—We insist that, after the first verdict, Hall was out of court—no longer a party

to the cause.   A verdict had been found in his favor.   He did not ask for a new trial, nor did the plaintiff ; and co-defendant could not bring Hall back into court.   If this version be correct, then the discontinuance was not error.

But if it were error, the objection comes too late.   It is a striking fact, that in the numerous cases, four or five, in which the supreme court has decided this point—that a discontinuance, or a verdict, or judgment, against one defendant, on a joint contract, (the other being served, and making a common defense,) is error ; yet, in all of them, the objection has come too late.

And so in this.   The defendant ought to have objected to the discontinuances, or he ought to have asked a charge from the court, that if the evidence showed a joint contract, they could not find against Whitaker alone.   But he did not ask this, or any other charge.   He took the chances of gaining an advantage, by the discontinuance, without objection, and the result being against him, he now complains of the error.   That the objection comes too late, see Revised Code, § 2811 : " No judgment can be *arrested*, annulled, or set aside, for any matter not previously objected to, if the complaint contains a substantial cause of action."

See, also, on same point, *Walker v. Mobile*, and *M. D. & Insurance Co.*, 31 Ala. 529.   In that case the court says :

" The appellants in this case, might, with propriety, have asked the charge to the jury, that the plaintiff could not recover, unless the contract was made by all the defendants.   But they did not ask this or any other charge ; they suffered judgment to be rendered against them without an objection, and we think it is now too late for them to raise the question."

PETERS, J.—John D. Van Horn, appellee, sued James G. Whitaker and O. P. Hall, by summons and complaint, in the city court of Mobile, for $821 18, the same being the amount of two accounts ; one for $581 18, and the other for $240.   Said suit was commenced on the 6th day of May, 1867.   Both defendants were regularly served with process, and both appeared in court and separately pleaded the

"general issue." The cause then proceeded to trial, and it was submitted to the jury on this issue. The verdict of the jury and the judgment of the court were in these words : " We, the jury, find for the plaintiff and assess the damages at five hundred and sixty-two dollars and eighty cents, against J. G. Whitaker. It is therefore considered, that the defendant, O. P. Hall, go hence discharged, and that the plaintiff recover of the defendant, James G. Whitaker, the sum of five hundred and sixty-two dollars and eighty cents, the amount of damages assessed by the jury, together with the costs in this behalf expended." This judgment was rendered on the 7th day of January, 1868 ; and on the 13th day of the same month, the court granted the plaintiff a new trial, and reinstated the case upon the docket, " with both Whitaker and Hall parties defendant," as before the the trial. The new trial was had in the case on the 1st day of April, 1868, when the suit was " discontinued" as to Hall, " there being no evidence tending to show that O. P. Hall was discharged from said suit, because that he was a minor or bankrupt, or for other personal cause ;" and judgment was rendered upon verdict against Whitaker alone ; and no further notice was taken of Hall. On the 14th day of April, 1868, the defendant, Whitaker, moved in arrest of judgment, because the plaintiff discontinued his suit against Hall. This motion was refused and overruled. And thereupon Whitaker brought the case to this court by appeal. And, he here now, assigns for error the refusal of the motion in arrest of judgment in the court below, and the discontinuance of the suit as to Hall.

The first section of the act of December 24th, 1824, entitled, " An act to regulate proceedings at common law," is in these words : " No cause shall be reversed, arrested, or otherwise set aside after verdict or judgment, for any matter on the face of the pleadings not previously objected to ; *provided*, the declaration contains a substantial cause of action, and a material issue to be tried thereon."—Clay's Dig., p. 322, § 53. This is almost the identical language of the Code upon the same subject of errors and amendments. Revised Code, § 2811. Yet the decisions of this court,

17

for a long series of years, have never recognized this section of that law as sufficient to cure the error arising from an unauthorized discontinuance. We therefore feel bound to adhere to the law upon this question, as heretofore settled. To strengthen this view, it also appears that the present Code recognizes discontinuances as a part of our law, and enlarges the common law rule touching them, so as to permit discontinuances in the case of any party not served with process.—Revised Code, § 2545. This evidently implies that errors arising from this source may still exist in this State. But the view of the eminent counsel for the appellee would in a great measure ignore them, by bringing them under the influence of section 2811 of the Revised Code. This seems not to be the true construction of this section of the law. Following the construction of the decisions of this court, we confine the section of the Code above referred to, and which was relied on by the appellee's counsel, to such errors as arise from mispleading or mistakes committed in the court below, as may be corrected upon timely and proper application to that court, and not so as to include the error of a discontinuance technically so-called. Discontinuances do not fall under the head of amendable errors, if the judgments of our predecessors in this tribunal are to be followed.—Revised Code, §§ 2545, 2811; *Kennon v. Bell,* Min. R. 98; *Atkins v. Allen,* 1 Stew. 130; *Keebles v. Ford,* 5 Ala. 183; *Givens v. Robins,* 5 Ala. 676; *Comstock v. Givens,* 6 Ala. 95; *Harrington v. Smith,* 2 Saund R. 207; also, *Walker v. Cuthbert,* 10 Ala. 213; 21 Ala. 479; 22 Ala. 116; 39 Ala. 320, and *Ivey v. Gamble,* 7 Porter, 545. If the question was *res integra,* we might feel authorized to come to a different conclusion; but the current of our decisions forbid it now.

The judgment and ruling of the court below, being based on a different view of the law, are erroneous, and are therefore reversed, and the cause remanded.