### CURTIS ET AL. *vs.* GAINES, ADM'R.

[ACTION ON PROMISSORY NOTE.]

1. *Discontinuance; what operates as in a joint action on a promissory note.* In a joint action on a promissory note against three parties, if the summons is executed on two of the defendants, and returned not found as to the third; and, in that posture of the case, the plaintiff continues the cause as to the defendant not found, and takes a judgment against the other two, the entire case is thereby discontinued.

2. *Same; how and when may be corrected.*—Such a mistake may be corrected before the adjournment of the court ; but after the end of the term, and the final adjournment of the court, the court ceases to have any power to correct the error, and a motion by the plaintiff, at a subsequent term, to set aside the judgment and re-instate the case on the docket, should be denied.

3. *Discontinuance; effect of.*—A discontinuance puts an end to a case. The parties are thereby out of court, and the plaintiff must begin *de novo*.

4. *Erroneous order setting aside final judgment; effect of appearance and defense of suit afterwards.*—Mere irregularities may be waived by a subsequent step taken in a cause, but substantial errors will not be. If a plaintiff, against the objection of the defendants, improperly obtains an order of the court setting aside a final judgment obtained by him at a previous term, and re-instating the cause on the docket, the appearance of the defendants, on a trial afterwards had, will not be a waiver of the error.

APPEAL from Circuit Court of Choctaw.
Tried before Hon. LUTHER R. SMITH.

The facts are sufficiently stated in the opinion.

JOSHUA MORSE, for appellant.
WATTS & TROY, *contra.*

(No briefs came into Reporter's hands.)

PECK, C. J.—On the 6th of January, in 1867, the appellee, as the administratrix of A. L. Gaines, deceased, commenced her suit in the circuit court of Choctaw county, against the appellants, E. S. Curtis, R. A. Burnett and Joshua Morse, founded on a promissory note, made by defendants to the plaintiff, on the 4th day of January, 1866, and payable twelve months after date, with interest, &c.

The summons was returned on the 4th of January, executed on defendants Curtis and Burnett, and not found as to defendant Morse.

At the March term of said court, 1867, the plaintiff continued her suit as to the defendant Morse, upon whom the summons was not executed, and took a judgment by default against the other two.

At the September term, 1870, the plaintiff moved the court to vacate said judgment against said defendants Curtis and Burnett, and to re-instate the cause on the docket against said Curtis and Burnett, as well as against said Morse, on the ground that said judgment was void, the same having been rendered by a judge who was, at the time, the plaintiff's uncle. The minute entry shows that the defendants Curtis and Burnett appeared by attorney, and the defendant Morse in his own person, and resisted said motion. The relationship of the judge, by whom the said judgment was rendered, to the plaintiff, was admitted.

The court sustained the motion, vacated and set aside the said judgment, and re-instated the cause on the docket as to all three of the defendants. To this ruling of the court, the defendants excepted. A trial at the same term was then had. The bill of exceptions states, that the cause being re-instated, the parties proceeded to trial, on its merits ; that the defendants Curtis and Burnett pleaded a former recovery, to which the plaintiff replied. No plea

Curtis et al. v. Gaines, Adm'r.

appears to have been filed by the defendant Morse. The minute entry, however, shows that he appeared in person. In this condition, the case was submittted to a jury, and there was a verdict and judgment for the plaintiff, against all the defendants.

The defendants have appealed to this court, and assign for errors—1st, The judgment of the court at the March term, 1867; 2d, The order and judgment of the circuit court, vacating the judgment by default and re-instating the cause on the docket, as to all the defendants; and 3d, The final judgment against all the defendants.

1. It is very clear, that the judgment by default against the defendants Curtis and Burnett, at the March term, 1867, in the then state of the case, without a discontinuance as to the defendant Morse, was erroneous.

In an action on a joint and several promissory note, against two or more parties, the plaintiff must recover against all or none of the defendants.

This is the rule at the common law.—1 Ch. Pl. 14 Am. from 6 London ed. p. 45. And this is so, even where a defense personal to one defendant is pleaded, as infancy or coverture. The common law rule, however, has been modified in this State, so that when a defense, personal to one defendant, is pleaded, the plaintiff may enter a *nolle prosequi* as to such defendant, and proceed to judgment against the others.—*Ivy v. Gamble*, 7 Porter, 545; *Keeble v. Ford and Vining*, 5 Ala. 153; *Whitaker v. Van Horn*, 43 Ala. 255. The same practice prevails in New York.—*Hartness v. Thompson*, 5 I. R. p. 160; and, also, in Massachusetts, *Woodward v. Newhall*, 1 Pick. 500; and in many other States.—See note 3, p. 45, 1 Ch. Pl., *supra*.

In such a case, where the summons is served on some of the defendants, and returned not found as to the others, § 2545 of the Revised Code permits the plaintiff to discontinue his suit as to the party or parties upon whom the summons is not served, and proceed to judgment against those upon whom it has been executed. In the present case, the summons was executed upon defendants Curtis

30

and Burnett, and returned not found as to the defendant Morse. In this posture of the case, the plaintiff moved the court to continue the cause as to the defendant Morse, which was done, and took a judgment by default against defendants Curtis and Burnett, thus destroying altogether the continuity of the action.

What effect did this have on the plaintiff's suit? Did it not operate a discontinuance of the issue, as to all of the defendants? We think it did. We have no statute authorizing a joint action to be severed, and its unity destroyed in this manner.

Where a suit is against several defendants, on a joint, or joint and several cause of action, if the summons is served on some, and returned not found as to others, the above section of the Revised Code permits the plaintiff, at his election, to sue out an *alias*, or discontinuance, as to those on whom the summons is not served, and proceed against the others; but we know of no rule of practice, either at the common law, or any authorized by statute, that will justify the course pursued by the plaintiff in this case. The case of *Givins v. Robins and Painter*, 5 Ala. 676, is, in principle, very like the present. In that case, it is decided that when an action is commenced against three, jointly, continued as to two, and judgment rendered against the third, the entire action is discontinued. The only difference between that case and this is, in that case the summons was executed on all the defendants, and it being suggested to the court that two of the defendants had applied for the benefit of the bankrupt law, thereupon the cause, as to them, was continued, and a judgment was rendered against the other defendant. This was assigned for error, and the judgment, for this cause, was reversed, the court holding, that the *entire action* was discontinued. This difference does not affect the principle, but it is applicable, alike, to both cases.

2. The motion of the plaintiff, at the September term of the court, 1870, to vacate the said judgment by default against the defendants Curtis and Burnett, at the March term, 1867, and to re-instate the cause on the docket, as to

all the defendants—the defendant Morse, as well as the other two—should have been denied. A discontinuance puts an end to a cause. The parties are, thereby, out of court, and the plaintiff must begin *de novo.*—1 Dunlap's Pr. 486 ; 3 Black. Com. 296. Before the close of the term, such an error may be corrected, but after the end of the term, and the final adjournment of the court, the court ceases to have any power over its records, except to correct clerical errors, where the record affords matter upon which to base such correction.—*Van Dyke v. The State,* 22 Ala. 67. Therefore, whether the judgment of the court at the March term, 1867, be considered *void or voidable,* will not better the plaintiff's condition, in either case. The court had no power to correct the error, or to relieve the plaintiff from the effects of it, when this application was made.

Furthermore, the plaintiff suffered the matter to sleep for more than two years and a half, after the judgment by default was rendered, before she sought to set the same aside; and without any continuance or step in the case, or any notice taken of it, whatever, until the period limited for suing out an appeal had elapsed. This, if there was no other reason, should have defeated the plaintiff's motion ; consequently, the exception of the defendants to the ruling of the court was well taken. The appearance of the defendants, on the final trial, was no waiver of the errors of the court. Mere irregularities may be waived, by taking a step in a case, after they are committed, but substantial errors are not.

The judgment of the court below must be reversed ; and, as the action in that court has been discontinued, and the plaintiff must begin *de novo,* the cause is not remanded. The appellee will pay the costs in this court and in the said circuit court.