# Reynolds *et al.* *v.* Simpkins.

*Attachment for Rent and Advances, instituted before Justice of the Peace.*

1. *Attachment before justice ; objections must be made before justice for irregularity in proceedings.*—On appeal to the circuit court, in attachment proceedings commenced before justices of the peace, no objections can be there raised to the irregularity of the proceedings, which was not taken before the justice, although if presented in time it might have been fatal to the proceedings, but a complaint filed in such a case in the circuit court which is only an amplification of that previously filed in the justice's court, is unobjectionable.

2. *Discontinuance ; when discontinuance as to one defendant operates as discontinuance to all, and when it does not.*—When several defendants are sued and served with process, a discontinuance as to one of them, without a sufficient legal excuse therefor, operates as a discontinuance of the whole action ; but in such a case, when one of the defendants interposes a plea of infancy, or other similar personal defense, the plaintiff may admit its truth and discontinue the case as to such defendant, without prejudice to the case against his co-defendant.

3. *Same ; may be entered without prejudice when evidence shows disability.* When, in such a case, the evidence introduced on the trial of a cause, shows that there is no legal cause of action against one of several defendants, by reason of such personal defense of infancy, even though it is not formally presented by plea, the plaintiff may, on motion, discontinue as to such defendant, without prejudicing his case against the other defendants.

APPEAL from the City Court of Selma.
Tried before Hon. JOHN HENDERSON.

On October 27th, 1879, J. F. B. Simpkins made an affidavit before a justice of the peace, stating "that Esther Reynolds and George Reynolds were indebted to him in the sum of forty-five dollars for rent, and advances after allowing all just off-sets and discounts, and the said Esther Reynolds and George Reynolds had removed a part of the crop without paying rent and advances." An attachment was issued on the same day against Esther and George Reynolds, and was levied on certain property, as property belonging to the defendants. The plaintiff filed a complaint in the justice's court in these words: " Plaintiff claims of the defendant $45 for rent and advances from said defendants on, to-wit, October 1st, 1878." The defendants pleaded that they were "not indebted in manner and form as alleged in the complaint." The justice rendered a judgment against the defendants for the debt. The defendants then carried the case, by appeal, to the City Court of Selma, where the plaintiff filed a complaint, containing two counts, the first of which claimed $25 for "rent of land rented by plaintiff to defendants, and due October first, 1879." The second count claimed $30 "for advances made during the year 1879, by the plaintiff as landlord to defendants as tenants, to enable them to make a crop on lands in Dallas county, and due October 1, 1879." The defendants demurred to the complaint on the ground that it was a departure from the original complaint, made a new case, and was inconsistent with it. The court overruled this demurrer, and the defendant excepted. The defendant moved to dismiss the attachment, and " dissolve the lien, because the debt on which the attachment was founded was not for rent of land or for advances, and was not a debt for which an attachment was authorized." The plaintiff also moved to quash the attachment. The court overruled these motions, and the defendant excepted. The case was tried by the court without a jury, on the defendant's plea, which avers that " the defendants did not rent the lands in manner and form as alleged." The judgment entry recites the fact that the infancy of George Reynolds had been shown to the court (this entry is set out in the opinion of the court), and thereupon the plaintiff was permitted to amend his complaint by striking out the name of George Reynolds. The defendant then moved to strike the cause from the docket because it was discontinued by this action of the court. The court overruled this motion, and defendant excepted. There was a verdict, and judgment for the plaintiff. The errors assigned are—1. The judgment of the court; 2. The refusal to quash the attachment; 3. Refusing to dismiss the case when there

was a discontinuance as to George Reynolds without a plea of infancy having been interposed.

SUMTER LEA, for appellant.

PETTUS, DAWSON & TILLMAN, for appellee.

SOMERVILLE, J.—In *Staggers v. Washington*, 56 Ala. 225, it is held, that where an attachment is commenced before a justice of the peace, and an appeal is taken to the Circuit Court, no objection can be there raised to the regularity of the proceedings, which was not taken before the justice's court, although, if presented in time, it might have been fatal to the proceedings.—Code, (1876) § 3693. If there is any force in the objections urged, as presented by the motion in the City Court to *quash*, or the one to *dissolve* the attachment proceedings in this case, they came too late.—*City Court of Selma v. Stewart*, 67 Ala.

The complaint filed in the City Court did not introduce a new case, or cause of action, but was clearly a mere amplification of the informal statement of the same cause of action made in the primary court, in which the attachment was commenced.

It is insisted by appellant that there has been a *discontinuance* of the entire case by reason of the action of the plaintiff in the City Court. The judgment entry contains the following recital : "It appearing from the evidence introduced on the trial of the cause, that George Reynolds was a *minor*, at the time the several contracts sued on, were made, and still is a minor, thereupon, on motion of the plaintiff, leave is granted to the plaintiff to amend his complaint by striking out the name of said George Reynolds as a party defendant from the writ of attachment and the complaint; which is done against the objection of the defendants, and the defendants excepted to the ruling of the court."

The rule is, that, where several defendants are sued and served with process, a discontinuance as to one of them, *without a sufficient reason therefor*, operates as a discontinuance of the whole action.—*Whitaker v. VanHorn*, 43 Ala. 255; 1 Chitty Pl. 578.

When a *plea is filed* setting up infancy, bankruptcy, coverture, or other like personal defense, there can be no question of the proposition, that the plaintiff can admit the truth of the plea, and, on application to the court, discontinue as to the defendant who interposes such defense, without prejudice to the *status* of his action against the other co-defendants. *Cuyler v. Coats*, 10 How. Practice Rep. 141 ; 1 Chitty Pl. 578.

We see no reason for construing this mere technical rule of pleadings so as to embarrass judicial proceedings and operate with harshness upon litigants. We think, where the evidence introduced upon the trial of a cause shows, to the satisfaction of the plaintiff's counsel and the court, that there is no legal cause of action against one of several defendants by reason of a personal defense, as for example, that of infancy or coverture, even though it is not formally presented by plea, the plaintiff may, on motion, discontinue as to such defendant without prejudice, so far as the others are concerned.—*Pell v. Pell and Wife*, 20 I. 126.

The judgment of the Selma City Court is affirmed.