# Slade *v.* Street.

*Trespass for Illegal Seizure of Stock of Goods.*

1. *Actions against joint trespassers; discontinuance.*—A plaintiff may, at his election, maintain a separate action against each of several joint trespassers, or a joint action against all, though he can have but one satisfaction; and if he elects to bring a joint action, he may "sue out an *alias* summons, or discontinue as to those on whom the summons is not served, and proceed to judgment against those on whom it has been executed" (Code, § 2911); but the statute does not authorize him to sue out an *alias* summons as to one not served, take a final judgment by default against another, and continue as to a third who appears and pleads; and by such judgment the entire cause is discontinued.

APPEAL from the Circuit Court of Clay.

Tried before the Hon. LEROY F. BOX.

This action was brought by Merit Street, against James B. Slade, W. B. Jackson, and three other persons, to recover dam-

[Slade v. Street.]

ages for an alleged trespass by the defendants in seizing a stock of goods belonging to the plaintiff; and was commenced on the 12th December, 1884. At the return term of the summons, in January, 1885, as the judgment-entry shows, an *alias* summons was asked and granted against C. A. Etheridge, who had not been served; the cause was continued as to William J. Ware and John W. Blackstocks, each of whom had appeared, and pleaded not guilty; a judgment by default, with writ of inquiry, was taken against said Slade and Jackson; and the writ being executed, judgment final was rendered against them jointly, for $5,250. From this judgment Slade and Jackson now appeal, and assign it as error, insisting that the cause was discontinued.

Jno. M. CHILTON, and J. R. DOWDELL, for appellants.

PAASONS, PEARCE & KELLY, contra.

CLOPTON, J.—The action is brought by appellee, against several defendants, five in number, to recover damages for an alleged joint trespass. At the first term to which the summons was returnable, the plaintiff obtained judgment by default against the appellants, had the damages assessed, and final judgment rendered; continued the action as to two of the defendants who had filed separate pleas in bar, and took an *alias* summons to the fifth, on whom process had not been executed. The question is, what is the effect of these proceedings on the action?

Section 2911 of Code provides: "When any suit is instituted against two or more persons, upon any joint, or joint and several cause of action, the plaintiff may, at his election, sue out an *alias* summons, or discontinue as to those on whom the summons is not served, and proceed to judgment against those on whom it has been executed." The pre-existing statute was, by its terms, limited to suits against "any two or more joint, or joint and several obligors, covenantors, or drawers" of any bond, covenant, bill, or promissory note, or against any two or more of the defendants to any joint judgment. Under the operation of the statute last mentioned, it was held, in an action on an open account: "There is no authority, on a cause of action such as this, either to institute suit in the first instance against one of the several debtors, and, after suit commenced against all of the parties chargeable, to discontinue as to those who are not served with process (until after an *alias* and *pluries* writ against them returned not found), and proceed to judgment against the party taken."—*Kennedy v. Russell*, Minor, 77; *Thompson v. Saffold*, 2 Stew. 494. Under the statute, it was

37

[Slade v. Street.]

uniformly held, from an early period, that in an action on a contract to which the provisions of the statute did not extend, a discontinuance as to one of two or more defendants, who was not served, before the return of an *alias* or *pluries* writ not found; and in an action on a contract included within the provisions of the statute, a discontinuance as to a defendant served, where there were two or more defendants, other than for a defense personal in its nature, operated a discontinuance of the entire action.—*Adkins v. Allen*, 1 Stew. 130; *Keebles v. Ford*, 5 Ala. 183; *Givens v. Robbins, Ib.* 676.

The present statute, which was introduced in the Code of 1852 as section 2149, is a re-enactment of the preceding statute, but extending its provisions to actions on any *joint* or *joint and several contract*, or upon any *joint* or *joint and several cause of action*. Its terms comprehend every suit, in which the cause of action is joint, or joint and several, either by statute or common law, and whether in contract or otherwise. In conformity with the judicial construction placed on the preceding statute, it has also been held, under the present statute, that in an action against two or more persons, on a contract, a discontinuance as to one of several defendants, all of whom had been served, or a continuance as to one not found, and judgment taken against the others, discontinues the entire cause.—*Mock v. Walker*, 42 Ala. 668; *Curtis v. Cummins*, 46 Ala. 455; *Reynolds v. Simpkins*, 67 Ala. 378. It may, however, be said, that in each of these cases the suit was founded on a contract, and that the rule should be limited to such cases.

A plaintiff may bring his action for a joint trespass, against any one or all the wrong-doers, or successive actions against each; and proceeding to judgment in a separate suit against one is no bar, without satisfaction, to subsequent suits against the others. It is conceded, if he brings a joint action against all the *tort-feasors*, he may, before judgment, dismiss as to all but one, whether served or not served with process, and proceed to judgment against the remaining defendant. The statute was not intended to abridge or modify any of these common-law rights. Whether the action is on a contract, or for a tort, the statute leaves the consequences resulting from a discontinuance as to a party on whom process had been served, as they were at common law. But, in both classes of actions, the cause of action being joint, or joint and several, where one of the defendants has not been served with process, the statute confers on the plaintiff the right to elect, whether he will take an *alias* summons as to such defendant, or discontinue as to him, and proceed to judgment as to those on whom summons has been executed. It does not modify in any other respect the common law. It authorizes the plaintiff to take judgment against the

parties served, only in the event he elects to discontinue as to the party not served; and by clear implication, it is prohibitory in this aspect.

The action, at its commencement, was joint; and while the plaintiff had the election to bring either a joint action against all the defendants, or separate actions against each, neither the statute nor the common law authorizes him to split his action after pendency of the suit, and convert what was, at its institution, a *joint* action, into several *separate* actions. Where the suit is against several joint trespassers, the judgment must be for a single sum, against all the defendants found guilty; and if the jury, on a return of a joint verdict of guilty, assess several damages against the several defendants, it is optional with the plaintiff to have a *venire de novo*, or to enter, before judgment, a *nolle prosequi* as to all but one of the defendants. He is not entitled to hold the separate and several judgments. *Layman v. Hendrix*, 1 Ala. 212. The plaintiff has already obtained judgment against two of the defendants, for a specified amount; at the next term of the court, he may obtain judgment against the other defendants who have pleaded; and at a subsequent term, against the defendant as to whom an *alias* summons was taken, for other and different amounts. This result the law will not allow. The plaintiff had his election to discontinue as to all the defendants except the appellants, and proceed to judgment against them, or to take an interlocutory judgment by default against them, continue the cause as to *all* the defendants, take an *alias* summons as to the one not found, and at the proper time let the same jury assess the damages against all. But by no proceedings known to the law can a joint action against several persons be converted, without consent, into separate actions against each. By the proceedings pursued in the present case, the unity of the action is destroyed, the continuity of the cause is broken, and a chasm has occurred in the proceedings, after the pendency of the suit. The legal consequence is a discontinuance of the entire action.

A trial of every action on its merits is greatly preferable; and we have been reluctantly forced to this conclusion. But to hold otherwise, will involve overruling the decisions of this court from the earliest period of the judicial history of the State to the present time, and tend to produce inextricable confusion in judicial proceedings. This case furnishes a significant illustration—one part of the action now pending in this court, and another part in the Circuit Court.

Reversed and rendered.