## FENNELL ET. AL. *vs.* MASTERSON, ADM'R.

[ACTION OF DEBT—DISCONTINUANCE—JUDGMENT BY DEFAULT.]

1. *Discontinuance of action; what operates as.*—The dismissal of a suit, founded on a bond, as to one of three makers of such bond, after service of process on all, and before any defense personal to that one is pleaded, or some other sufficient cause is shown, is a discontinuance of the whole action, when the suit is commenced by summons and complaint.

APPEAL from the Circuit Court of Lawrence.
Tried before the Hon. S. C. POSEY.

The facts of the case are fully stated in the opinion.

ROBISON & WALKER, for appellants, cited the following authorities : *Keebles v. Ford*, 5 Ala. 183 ; *Gazzam v. Beele*, 8 Porter, 49; *Saddler v. Houston*, 5 Stewart & Porter, 206 ; *Adkins v. Allen*, 1 Ala. (Minor) 130.

No counsel appeared for appellee.

PETERS, J.—This is an action of debt, commenced by summons and complaint, in the circuit court of Lawrence county, on the 14th day of January, 1862. It is founded

on a bond, executed by the defendants, Nelson Fennell, Robert C. Wright, and Henry Fennell, on the 14th day of February, 1860, and payable on or before the 16th day of October next, after its date, to William Thompson, administrator of Hugh J. Austin, deceased, and was for the sum of sixteen hundred and five dollars. The summons was duly served on each one of the defendants above named. The suit was instituted by Thompson, administrator of Hugh J. Austin, deceased, but before it had proceeded to judgment, Thompson died. The suit was then revived in the name of Thomas Masterson, administrator *de bonis non* of Hugh J. Austin, deceased, and was conducted in Masterson's name, as plaintiff, until judgment. After the revival in Masterson's name, at the March term of said circuit court, in 1866, the following judgment was rendered by the court below :

" Thomas Masterson, adm'r *de bonis non* of the estate of H. J. Austin, *vs.* Nelson Fennell, Robert C. Wright, Henry Fennell. Came the plaintiff by attorney and dismisses his suit as to R. C. Wright, and the other defendants, being solemnly called, came not, but made default. It is, therefore, considered by the court, that the plaintiff, as such administrator, as aforesaid, recover of said defendants the sum of six hundred and ninety-one dollars and ninety cents damages, sustained by reason of the detention of said debt, besides the costs in this behalf expended."

It will be seen from this, that the suit against Wright, one of the defendants, who has been served with process before judgment, was dismissed, as to him, without assigning any reason therefor. Under the law, as settled by this court, in this State, from a very early date up to the present time, such a dismissal has not been permitted. The order dismissing the suit as to Wright, in the court below, operated as a discontinuance of the whole action, and no judgment should have been rendered for the plaintiff in the present state of the record. Were this an open question, we might, under our present statutes, be inclined to

hesitate in following this ruling of the law. But the decisions which support it, and the authorities on which they stand, have been so long made, and are so well known, and as the legislature has not yet seen fit to change the law as thus expounded, by a specific enactment, including such a case as this, they must stand. The decided law is not to be disturbed. *Stare decisis et non quieta movere.*—1 Kent, 477 ; *Adkins et. al. v. Allen,* 1 Stewart, 130 ; *Keebles v. Ford et. al.,* 5 Ala. 183 ; *Givens v. Robinson & Painter,* 5 Ala. 676 ; *Comstock v. Givens,* 6 Ala. 95. Also, see *Walker v. Cuthbert & Stanley,* 10 Ala. 213 ; *Forrester v. Forrester,* 39 Ala. 320 ; *Walker v. Chapman,* 22 Ala. 116 ; 21 Ala. 479.

As no judgment was rendered in favor of Wright, in the court below, for his costs, as might have been done, and as the judgment is against " the defendants," without naming them, and as this might be construed to include all the defendants mentioned in the summons, so as to reach Wright, it may be thought that, in order to sustain the judgment, it ought to be so considered. But this would be a refinement too subtle for common sense, which has been said to be common law, and which is, in great part, the law of this State. Such a construction would require the court to presume, in favor of the judgment below, that Wright, after being dismissed out of court, came back again, and suffered judgment to be rendered against him. Such a conclusion would seem to savor more of cunning than of practical wisdom, and would afford too unstable a basis for a legal judgment.—Rev. Code, § 2554 ; 1 Blac. Com. 70, marg.

The judgment below is reversed, and the cause remanded for a new trial.