## BACHUS *vs.* MICKLE.

[ACTION ON PROMISSORY NOTE.]

1. *Discontinuance; what operates as.*—It is erroneous to strike out the name of a proper party defendant to a suit, when there are several and all have been served, without showing some sufficient reason therefor. This is not such an amendment as may be allowed under the code, (Rev. Code, § 2809,) and if done, will amount to a discontinuance of the action.

APPEAL from Circuit Court of Chambers.
Tried before Hon. ROBERT DOUGHERTY.

THE complaint in this case was as follows:

"William Mickle, plaintiff,
    *vs.*                         Chambers Circuit Court,
Augustus Pinckard and              Spring Term, 1867.
Warren Bachus, defendants.

The plaintiff, William Mickle, claims of the defendants,

Augustus M. Pinckard and Warren Bachus, the sum of one hundred dollars, due by promissory note made by them on the 22d of February, and payable one day after date, with interest thereon.

E. G. RICHARDS, plaintiff's att'y."

Both defendants were served with process, and on the trial plaintiff amended complaint by striking out the name of Pinkard as a party defendant, without showing any cause therefor, and took judgment by default against the appellant, Mickle, who now assigns as error—

1st, That the suit was discontinued.

2d, That the complaint shows no cause of action or property in the plaintiff.

C. D. HUDSON, for appellant.
E. G. RICHARDS, *contra*.

[The briefs did not come into Reporter's hands.]

PETERS, J.—This was an action of debt on a promissory note, made by Pinckard and Bachus, payable to Mickle, for one hundred dollars. Both the makers of the note were sued, and both were brought into court by service of process. At the trial, by leave of the court, the plaintiff amended his complaint by striking out the name of Pinkard, and judgment by default was taken against Bachus.

The plaintiff having elected to proceed in his action against both the makers of the note in the same suit, can not, after service of process on both, abandon his suit as to one, without showing some sufficient cause personal to the defendant thus discharged. To strike out the name of one of the defendants would not be an amendment of the complaint, but a dismissal of the suit by an improper discontinuance of a proper party to the proceedings. Amendment implies that there is something defective, which needs correction before the plaintiff can legally proceed. If there is nothing to correct, there can be no amendment.—1 Burrill's Law Dict. 92, *Amendment ;* 1 Bouv. Law Dict. 118, *Amendment ;* 3 Bla. Com. 407, 448; 1 Tidd's Pr. 696.

Here there was no error to amend; the action was properly brought, and all the parties were properly in court. Here, there was no defect or want of form in the proceedings. There was nothing to amend in the complaint; it was strictly correct, and there was no impediment in the way of the court to proceed as to all of the parties who had been sued. In such a case, a dismissal of the suit as to one of the defendants is a discontiuance of the whole action. The statute of amendments does not intend to destroy the law of continuances.—*Whittaker v. Van Horn,* 43 Ala. 255; *Ferrell v. Masterson, Adm'r,* 43 Ala. 268; *Garrett v. Lynch, Adm'r,* January Term, 1870, *and cases there cited.*

It may be well for the legislative authority of the State to strike discontinuance from our law; but until this is done, whatever of good or evil may belong to the principles on which they depend is fixed in our system of law beyond the power of the courts to remove.

It is contended by the learned counsel for the appellant that the complaint in this case does not contain a substantial cause of action, and that it shows no property in the plaintiff. I think this objection is not sustained by the record. This shows that the complaint is as near as possible in the language of the schedule of forms appended to the Revised Code. Such forms are sufficient.—Rev. Code, 673, at bottom; *Letondal v. Huguenin,* 26 Ala. 552.

The judgment of the court below is reversed and remanded.

B. F. SAFFOLD, J., *dissenting.*