| 68 | 181 |
|----|-----|
| 94 | 140 |

</div>

# Kendall *v.* Lassiter.

*Action on Promissory Note, by Payee against Makers.*

1. *Discontinuance; amendment of complaint, by striking out party served with process.*—In an action against two defendants, as joint makers of a promissory note, both being served with process, and neither appearing or pleading, an amendment of the complaint by striking out the name of one of them, no reason for such amendment being shown, is a discontinuance of the entire action, and judgment by default cannot be taken against the other defendant.

2. *Remandment on reversal.*—A judgment by default against one defendant being reversed on error, on the ground that the entire action was discontinued by an amendment striking out the name of the other without cause shown, the cause will be remanded.

3. *When appeal lies, or mandamus.*—An appeal lies from an erroneous judgment by default against one of two defendants, the name of the other being struck out by an unauthorized amendment without cause shown; and the party having an adequate remedy by appeal, *mandamus* does not lie to compel the court below to set aside the judgment and dismiss the case.

APPEAL from the Circuit of Barbour.
Tried before the Hon. H. D. CLAYTON.
This action was brought by Matthew Lassiter, against

[Kendall v. Lassiter.]

Phil. McKay and James T. Kendall, as joint makers of a promissory note for $256, payable to the plaintiff or bearer ; and was commenced on the 11th October, 1878. Both of the defendants were served with process, but neither appeared or pleaded, so far as the record shows. At the November term of the court, 1878, a judgment was rendered in the cause, in these words : " Came the plaintiff, by attorney, and asks leave of the court to amend his complaint, by striking out the name of Phil. McKay ; which motion, on a hearing of the same, was granted by the court ; and the defendant Kendall came not, but made default. It is therefore considered by the court, that the plaintiff recover of said defendant, James T. Kendall, the sum of $98.06 for his damages, and also the costs," &c. On a subsequent day of the term, the defendant Kendall moved the court to set aside the judgment against him, and to dismiss the case, on the ground that the action " was discontinued by striking out McKay's name without any legal or proper grounds ;" and he reserved a bill of exceptions to the overruling of this motion. The judgment by default, and the judgment overruling the motion to set it aside, are now assigned as error.

S. H. DENT, for appellant.

D. M. SEALS, contra.

STONE, J.—It has been too long settled, and too often decided by this court, that a discontinuance, without sufficient cause shown, as to one of several defendants who has been served with process, is a discontinuance of the entire action, to be now regarded as an open question.—2 Brick. Dig. 369, § 124; *Fennell v. Masterson*, 43 Ala. 268 ; *Huff v. Davison*, 44 Ala. 273 ; *Bachus v. Mickle*, 45 Ala. 445 ; *Ex parte Wilson*, 54 Ala. 296 ; *Reynolds v. Simpson*, at present term. The present suit was brought against two defendants, as co-makers of a promissory note. Summons was issued and served on both. Neither defendant appeared, or pleaded. The plaintiff discontinued his suit as to defendant McKay, and took judgment by default final against Kendall, the other defendant. The record fails to show any reason for the discontinuance. If, as was shown in *Reynolds v. Simpson*, McKay had a good personal defense to the action, that would have saved the present judgment. This record shows nothing of the kind ; and the consequence is, that the Circuit Court erred in rendering judgment against Kendall.

*Fennell v. Masterson*, 43 Ala. 268, and *Bachus v. Mickle*, 45 Ala. 445, are authority for remanding causes in the condition

[Wells v. Elliott.]

this is in. We will follow that practice. We cannot know what may arise, or be shown, when the case returns to the Circuit Court.

There was a final judgment in the court below, and from that judgment an appeal lay to this court. The error we have pointed out is apparent on the record, thus showing appellant had an adequate remedy by appeal. There was no ground for *mandamus* in this case.—2 Brick. Dig. 240, § 4.

Reversed and remanded.