# Baldwin *v.* Roman.

*Garnishment Suit and Application for Mandamus.*

1. *Garnishment proceeding; must be final judgment to support an appeal.*—Where in a garnishment proceeding there is no final judgment rendered against the garnishee, he can not appeal from the rulings of the trial court; and in the absence of such a judgment to support the appeal, it will be dismissed.

2. *Same; mandamus.*—Where in a garnishment proceeding, the court overrules the garnishee's motion for a discharge, and against his objection and exception allows the plaintiff to file a contest to his oral answer, *mandamus* will not be awarded to compel the lower court to set aside such order, since an appeal from a final judgment in a garnishment suit fur-

[Baldwin v. Roman.]

nishes an adequate remedy to correct any errors that may have been committed in such ruling to the prejudice of the garnishee; and this is true, even though to wait the rendition of a final judgment would cause the garnishee delay, expense of trial and the cost of making a supersedeas bond.

APPEAL from the Circuit Court of Montgomery.
Tried before the Hon. J. C. RICHARDSON.

S. Roman recovered a judgment against the Montgomery Iron Works. Upon this judgment a writ of garnishment was issued and served upon the appellant, A. M. Baldwin. The garnishee made a written answer, in which he denied all indebtedness to the defendant. After filing his answer, the plaintiff moved that the garnishee be required to answer orally. Upon the hearing of this motion the garnishee showed that at a prior term of the court he had filed his answer in writing, that no contest or other proceeding as to said answer had been had at the term at which said answer had been filed. He thereupon objected to being required to make an oral answer, and moved for his discharge. The court overruled the objection and the motion for his discharge, and ordered that the garnishee answer orally. To each of these rulings the garnishee separately excepted. After the oral answer was made, the garnishee again moved for his discharge. The court overruled this motion, and the garnishee duly excepted. The plaintiff stated to the court that he wanted to ask for a judgment on the answer, and if that was overruled, he desired to contest the answer. Upon the court stating to him that if he moved for a judgment on the answer he would waive his right to contest, the plaintiff then moved for and the court granted him leave to file a contest of the oral answer of the garnishee, and to this ruling the garnishee duly excepted. The garnishee appeals, and assigns as error the several rulings of the trial court, to which exceptions were reserved. The record contains no judgment entry against the garnishee. In this court the appellee, who was the plaintiff in the garnishment suit, moved the court to dismiss the appeal upon the ground that there was no

[Wilmerding v. The Corbin Banking Co.]

final judgment to support it. The garnishee asks this court for a *mandamus* or other appropriate remedy to procure a vacation of the order granting the plaintiff leave to contest the oral answer of the garnishee.

WATTS, TROY & CAFFEY, for appellant.

GUNTER & GUNTER, *contra*

McCLLELAN, C. J.—There was no final judgment against Baldwin, the garnishee, in the court below, and his appeal must be dismissed for want of such judgment to support it, in response to the motion to that end, made in behalf of the appellee.

The rulings of the circuit court in the garnishment proceedings, if they ever result in injury to the garnishee, may be reviewed on appeal; a remedy that will be entirely adequate to correct any errors that may have been committed to his hurt; and upon this ground the application for *mandamus* must be denied.

Appeal dismissed and application for *mandamus* denied.