# Barnemann *v.* Morrison & Woodward.

*Contest of Claim of Exemptions.*

[Decided June 28, 1902.]

1. *Trial and its incidents; sufficiency of judgment.*—Where a contest of the claim of exemptions is tried by the court without the intervention of a jury, and the presiding judge makes a special finding of the facts at the conclusion of which he states that he is of the opinion that the defendant had not acquired a homestead in said lot, and then proceeds as follows: "Judgment is accordingly rendered in favor of the plaintiff," etc., this recital at the end of the special finding is not such a judgment as will support an appeal; and when there is no other judgment entry in the case, the appeal will be dismissed.

APPEAL from the Circuit Court of Colbert.

Tried before the Hon. JOSEPH H. NATHAN, Special Judge.

[Barnemann v. Morrison & Woodward.]

The appellees, Morrison & Woodward, recovered a judgment against the appellant, William Barnemann, upon which execution was issued, and this execution was levied upon a certain lot in the town of Tuscumbia. There was a claim of exemptions of said lot, and the proceedings in the said case were had upon the contest of a claim of exemptions interposed by the defendant in execution.

The cause was tried by the court without the intervention of a jury, and under the opinion on the present appeal, it is unnecessary to set out the facts of the case in detail.

From a judgment in favor of the plaintiffs, the defendant in execution appealed.

W. H. SAWTELLE and JAMES JACKSON, for appellant.

KIRK & RATHER, *contra.*—There is no such judgment shown as will support an appeal.—*Jasper Mercantile Co. v. O'Rear,* 112 Ala. 247.

HARALSON, J.—The case was tried by the court, a jury having been waived,—under the act to regulate the practice and proceedings in civil cases in Colbert and Lauderdale counties. Acts 1894-5, p. 763. The act provides, that either party may by bill of exceptions present for review the conclusions and judgments of the court on the evidence. There was no agreement in writing signed by the parties, waiving a jury, or requesting a special finding by the court, so as to bring the trial under sections 3319, or 3320 of the Code.

The presiding judge made a special finding of the facts, which signed by him is set out in the bill of exceptions, at the conclusion of which he stated, "On the facts, the court is of the opinion that the defendant did not acquire a homestead in lot 45, and that the same was not exempt to him under the laws of Alabama. Judgment is accordingly rendered in favor of the plaintiff against the defendant for the costs of this proceed-

ing, and the property levied on under the execution, to-wit, part of lot 45 in the town of Tuscumbia is hereby condemned to sale." Besides this, we find no semblance of a judgment rendered in the cause. It is manifest, that under our rulings, this is not a judgment such as will support an appeal. It is nothing more than the declaration of the finding of the judge, and constitutes a part thereof, on which a proper judgment might have been rendered. It contains none of the elements of a final adjudication of the matter tried, and was probably not so intended. However that may be, it cannot be so treated on appeal.—*Bell v. Otts,* 101 Ala. 187; *Wright v. State,* 103 Ala. 95; *Mercantile Co. v. O'Rear,* 112 Ala. 247.

Appeal dismissed.