# Chamberlain *v.* Mobile Fish & Oyster Company.

## *Garnishment Proceedings.*

1. *Garnishment proceedings; when judgment rendered therein will not support an appeal.*—In a garnishment proceeding, where pending the contest of the answer of the garnishee the defendant files a claim of exemptions to the amount alleged to be due from the garnishee to him, and the plaintiff moves the court to strike said claim of exemptions from the file and render judgment against the garnishee, a ruling of the court that said motion "to strike the claim of exemptions and render judgment against the garnishee be and the same is hereby refused," is not such a judgment as will support an appeal.

[Chamberlain v. Mobile Fish & Oyster Company.]

APPEAL from the Circuit Court of Mobile.
Tried before the Hon. WILLIAM S. ANDERSON.

The appellant, Jennie C. Chamberlain, brought an action against Whiting Ames, in which a judgment was recovered in favor of the plaintiff. Upon this judgment a writ of garnishment was issued and served upon the Mobile Fish & Oyster Company. The proceedings in the present case were had upon a contest filed by the plaintiff of the answer of the garnishee. The facts of the case are sufficiently stated in the opinion. From a judgment refusing a motion of the plaintiff to strike the claim of defendant's exemptions from the file and render judgment against the garnishee the present appeal is prosecuted.

JOHN R. TOMPKINS, for appellant, cited Young v. Hubbard, 102 Ala. 373; Ely v. Blacker, 112 Ala. 300; Code, § 2151.

R. T. ERVIN, contra, cited Baldwin v. Roman, 126 Ala. 266; Pullman P. C. Co. v. Henderson, 120 Ala. 105; Cen. of Ga. v. Joseph, 125 Ala. 131; Greely v. Cottingham, 129 Ala. 200.

HARALSON, J.—The plaintiff recovered a judgment against Whiting Ames in the circuit court of Mobile county, on the 24th of April, 1896, for $668.30; and garnished the Mobile Fish & Oyster Company, on the 19th December, 1900, as debtor to the defendant. That company, on the 24th April, 1901, answered denying indebtedness, which answer was, on the same day, duly contested by the plaintiff. The defendant, Ames, on the 25th November, 1901, filed with the clerk of the court, under section 2059, a claim of exemption of his wages from the garnishee, setting out that they owed him wages at $50 a month from December 15th, 1900, to April 1st, 1901, and for the months of May, 1900, to the 1st of January, 1901, at the same rate, which sums he claims as exempt from levy and sale.

He also filed, on the 27th November, 1901, an amended claim of exemption, making the same claim in more extended form, in which he set up the payment to him, at different times, from the date of the service of the garnishment, to Nov. 30th, 1901, aggregating $550, which he claimed as exempt to him.

At the fall term, 1901, the contest of the answer coming on to be heard, the plaintiff moved the court,—quoting the language of the motion,—"to strike out said purported claim of exemptions from the file and grant her a judgment against the garnishee, the Mobile Fish & Oyster Company, for the sum of $550, or so much thereof as is shown to have been paid to said Whiting Ames by said company, before he had filed any valid claim of exemptions thereto, in contempt of of the process of the court." The grounds for said motion were set out, and the motion was verified. The motion coming on to be heard at that term of the court, was passed on by the court. The minute entry recites, that "the plaintiff's motion, filed November 27th, 1901, to strike claim of exemptions from file and render judgment against the garnishee, Mobile Fish & Oyster Co., having been submitted to the court at a previous day of this term, together with all other papers in the cause, after a careful consideration by the court, it is ordered and adjudged by the court, that the plaintiff's said motion, filed Nov. 27th, 1901, to strike the claim of exemptions and render judgment against the garnishee, be and the same is hereby refused." It is from this ruling, the appeal is prosecuted.

That ruling was not, in any sense, a final judgment discharging the garnishee, from which an appeal will lie.—*Baldwin v. Roman*, 126 Ala. 266; *Bell v. Otts*, 101 Ala. 186; *Wright v. State*, 103 Ala. 95; *Marks v. State*, 131 Ala. 44; *Barneman v. Morrison*, 132 Ala. 638; 32 So. Rep. 649. From aught appearing, the garnishment proceeding is still pending in the court below on which trial may be had.

Appeal dismissed.