# Wallace *v.* Crosthwait.

*Motion to compel Clerk of Court to pay Fines collected by Him.*

1. *Bill of exceptions; judgment shown only therein will not be reviewed.*—The bill of exceptions is no part of the record in the trial court; and a judgment shown only by bill of exceptions can not be presented for consideration or revision by the appellate court.

34

APPEAL from the Circuit Court of Lawrence.

Tried before the Hon. OSCEOLA KYLE.

The facts of the case necessary to the understanding of the decision on the present appeal are sufficiently stated in the opinion.

W. K. WALLACE, for appellant.

G. O. CHENAULT, *contra.*

HARALSON, J.—This was a motion by the defendant, W. K. Wallace, in the circuit court, to require the defendant, A. J. Crosthwait, clerk of the county court, to pay to him $45, the amount of a fine alleged to have been collected by him as clerk, in a criminal case in said court, wherein the defendant was convicted and fined $45 for violating a contract he had entered into with the said Wallace as his surety under section 4751 of the Code of 1896.

The case was tried by the court without a jury, upon the motion and answer, and an agreed statement of facts. No minute entry of the finding and judgment of the court appears in the record. The bill of exceptions states that "said motion having been submitted to the court for its determination, the latter rendered judgment in words and figures as follows: "Sept. 12th, 1902. Movant allowed 60 days for a bill of exceptions, on the overruling of this motion. Motion overruled." A bill of exceptions is no part of the record of the trial court, and a judgment shown only by bill of exceptions cannot be presented for consideration or revision in this court.—*Brooks v. Rogers,* 101 Ala. 112.

Even if this judgment had been set out in a minute entry, as a part of the record, it was in no sense a final judgment on said motion for which an appeal would lie. It appears to be no more than the judge's entries on the trial docket.—*Bell v. Otts,* 101 Ala. 186; 46 Am. St. Rep. 117; *Chamberlain v. Mobile, F. & O. Co.,* 137 Ala. 187, and cases there cited.

The appeal must be dismissed.