# McGuire, *et al. v.* The State.

## Assault and Battery.

(Decided Dec. 21, 1911.   57 South. 51.)

*Evidence; General Reputation; Time.*—One charged with crime who has testified in his own behalf is entitled to the benefit of the rule that evidence of general reputation under such circumstances must refer to the period covered prior to the time of the charge against him, and it is error to admit evidence of reputation based upon reports concerning the crime under investigation.

APPEAL from Tallapoosa Circuit Court.

Heard before Hon. A. H. ALSTON.

Freeman and Ernest McGuire were convicted of assault and battery, and they appeal. Reversed and remanded.

RIDDLE, ELLIS, RIDDLE & PRUET, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The evidence as to general character was properly admitted. First, because there was no motion to exclude the testimony.—*A. G. S. v. Frazier* 93 Ala. 45; *Billingsley v. The State,* 85 Ala. 323;. 2nd, where the defendant testified it is permissible to show his general character in the community in which he lived.—*Mitchell v. The State,* 148 Ala. 618; *Ross v. The State,* 139 Ala. 114; *Fields v. The State,* 121 Ala. 16; *Fountain v. The State,* 98 Ala. 40; *McInerny v. Ervin,* 90 Ala. 275.

WALKER, P. J.—The defendants having testified as witnesses in their own behalf, the prosecution sought to impeach them by testimony in rebuttal touching their general character or reputation. The bill of exceptions recites: "Cicero Bently was sworn and examined as a witness in behalf of the State in rebuttal, and testified substantially as follows:  'I know the defendants.  I know their general character in the community in which they live. I live two miles from them; have known them ten years.'  The Solicitor asked the witness, 'Is their character good or bad?'  The witness made no answer and the court asked the witness, 'You know their character?'  The witness answered, 'So far as I was concerned, I didn't know more than these cases.'  Then

the solicitor asked the witness: 'You say you know
their general character? Is it good or bad?' The wit-
ness answered and said, 'I hear lots, people talked
about these cases'; and the solicitor asked the witness,
'Say whether it is good or bad, their general character
in the community.' Whereupon the court says to the
witness, 'That means the community around there; they
circulate and range.' The defendants then and there
objected to the question in reference to their general
character unless it is confined up until the time of the
alleged offense for which these indictments were found.
The court overruled the objection, and to this ruling of
the court the defendants then and there reserved an ex-
ception, and the witness answered the question, and
said, 'There are lot of bad reports.' The witness was
cross-examined by the defendants' counsel, and testified
substantially as follows: 'The reports I have heard on
the defendants are in reference to these indictments. I
never heard anything against the defendants until they
were indicted in these cases.'" The colloqy with the
witness before the defendants made the objection which
was overruled clearly indicated that whatever he might
say in his answer that would be derogatory of the char-
acter of the defendants would be based upon reports cir-
culated about them consequent upon their being charg-
ed with the criminal offense for which they were on
trial. This fact was only the more clearly brought out
by the statement of the witness on his cross-examina-
tion. The objection to the question was made under
such circumstances as to make it apparent that the
overruling of it was in disregard of the rule that evi-
dence of the bad character of one charged with crime
who has testified in his own behalf must refer to a period
prior to the making of the charge against him which is

[Flake v. The State.]

under investigation.—*Griffith v. The State,* 90 Ala. 583; *Brown v. The State,* 46 Ala. 175; Underhill on Criminal Evidence (2nd ed.), § 83. The shield of protection which the law furnishes to one charged with crime in the presumption of his innocence until his guilt has been proved beyond a reasonable doubt might be of little avail to him if it could be destroyed by evidence of his disrepute resulting from rumors or reports having their origin or brought to light as the result of discussion occasioned by the fact that the criminal charge which is under investigation had been made against him.

Other questions presented by the record need not be considered, as they may not arise on another trial.

Reversed and remanded.