[Robinson v. The State.]

# Robinson v. The State.

## Murder.

(Decided June 19, 1912.   59 South. 321.)

1. *Jury; Qualification; Examination.*—Where the jury had been empanelled, but before the trial had been entered upon, the judge was informed that one of the jurors had expressed an opinion on the question of guilt, it was competent and proper for the judge to examine such juror in reference thereto.

2. *Evidence; Other Offenses.*—Where the defendant was on trial for murder of the father of a witness who was a minor, it was error to permit such minor witness to say that in the spring before the killing defendant gave whisky to the witness, and tried to hire him to kill his father, where a specific objection was interposed as to that part of the question and answer with reference to the giving of the whisky.

3. *Same; Character.*—The character of a defendant when attacked can be shown by evidence, but such evidence must be confined to a time prior to and up to the difficluty.

4. *Appeal and Error; Bill of Exceptions; Objections.*—In the absence of a motion to establish a correct bill of exceptions, a defendant cannot object that the judge inserted certain matter in the bill of exceptions, nor could such objection be considered for review, when presented only by brief of counsel.

APPEAL from Marion Circuit Court.

Heard before Hon. C. P. ALMON.

Bart Robinson was convicted of murder in the second degree and he appeals.   Reversed and remanded.

A. H. CARMICHAEL, and E. B. & K. V. FITE, for appellant.   The court erred in re-examining the juror after he had been empanelled.   Counsel discuss and insist on the insertion as they allege of improper matter in the bill of exceptions. They also discuss the evidence, but without citation of authority.   The court should have limited the evidence as to the bad character of defendant to a time prior to and up to the killing.— *McGuire v. The State,* 2 Ala. App. 131; *Griffith v. The*

*State,* 90 Ala. 583; *Brown v. The State,* 48 Ala. 175. Counsel discuss charges given and refused, but without citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

PELHAM, J.—The defendant was charged with murder in the first degree, and was convicted of murder in the second degree.

It was not error for the trial court, upon being informed, during a recess of the court after the jury was selected and impaneled, but before the trial was entered upon, that one of the jurors had expressed an opinion as to the guilt or innocense of the accused, to examine ex mero motu the juror and ascertain if he had expressed an opinion that the defendant should be either acquitted or convicted. It is the duty of the presiding judge, in so far as lies within his power, to see that the case of the state and the defendant is submitted to a fair and impartial jury that have no fixed opinion of the guilt or innocence of the accused. And when it is brought to the attention of the court that such a condition does not exist as to one of the jurors about to enter upon the trial of a case it is entirely proper for the court to examine and inquire into the matter.

The statement of counsel in brief as to what the judge "inserted" in the bill of exceptions in connection with the examination of this juror cannot be considered. We take the record, including the bill of exceptions, as set out in the transcript as certified by the clerk, as correct in every particular. If the bill of exceptions as signed was incorrect, appellant should have moved to establish a correct bill, and, not having done so, cannot be heard to make ex parte statements in brief as to what the judge "inserted."

The question asked the witness Dixie Vickery, "The spring before your father was killed, state to the jury whether or not the defendant, Bart Robinson, met with you or you with him, and gave you whisky, and tired to hire you to kill your father?" should not have been permitted as a whole against the defendant's specified objection pointing out the erroneous part. It was competent to show, as tending to prove the animus of the defendant, that he had tried to get the witness to kill his father; but it was not proper to allow the witness to testify to the defendant's having violated the law in giving whiskey to the witness. The defendant interposed specifically an objection to that part of the question calling for a statement that the defendant had given the witness whisky on the occasion inquired about. This witness was 17 years old when his father was killed; and the question called for proof of the commission of another and different offense having been committed by the defendant, which, under the facts of this case, was calculated to prejudice the minds of the jury against the defendant on an immaterial and irrelevant matter. The offense was entirely separate and distinct from the crime with which the defendant was charged. Proof of a collateral crime is never relevant evidence, unless connected with the crime under investigation as part of a general and composite transaction.—Underhill on Criminal Evidence (2d Ed.) § 88. The evidence was of a distinct substantive offense, independent of and constituting no part of the transaction or charge involved in the accusation against the defendant.—*Gassenheimer v. State*, 52 Ala. 313. That the defendant, six months or more before the homicide, was guilty of having violated the prohibition laws, or was guilty of having given prohibited liquor to a minor, was capable of affording no reasonable inference or

presumption as to any material fact or inquiry involved in the issue of his guilt or innocense.—*Martin v. State,* 104 Ala. 71, 16 South. 82; *Brock v. State,* 26 Ala. 104.

The defendant seasonably objected to the examination of each of the six state's witnesses, called in rebuttal to prove the defendant's general bad character, not being limited to a time prior to the commission of the offense for which he was being tried. The court allowed these witnesses to testify to the general character of the defendant, without limitation to a period up to the time of the commission of the offense, over the objection made by the defendant specifying this particular ground of objection in each instance, and in this the court was in error. "Evidence of character must be confined to the time of, and anterior to, the alleged commission of the offense for which he is being tried."—*White v. State,* 111 Ala. 92, 96, 21 South. 330, 331. See also, *McGuire v. State,* 2 Ala. App. 131, 57 South. 51; *Griffin v. State,* 90 Ala. 583, 8 South. 812; *Brown v. State,* 46 Ala. 175; *Smith v. State,* 118 Ala. 117, 24 South. 55; *Gordon v. State,* 140 Ala. 29, 36 South. 1009.

For the benefit of the court upon another trial, we call attention to what was said by the Supreme Court, in *Smith v. State,* 142 Ala. 14, 39 South. 329, in reference to the admissibility of evidence of the deceased being a drinking man.

The oral charge of the court, construed as a whole, is a correct statement of the law as applied to the facts; and those portions to which an exception was noted are not available in any instance as reversible error.

The correct propositions of law contained in the refused charges seem to have been substantially covered by the given charges.

For the errors pointed out, the case must be reversed.

Reversed and remanded.