# Lowe & Samford Gro. Co. *v.* Adamson, *et al.*

## *Assumpsit.*

(Decided April 6, 1915.   68 South. 476.)

*Pleading; Amendment; Striking Parties.*—Where the suit was on the joint obligation of two defendants, and the proof showed an individual liability on the part of one defendant only, the striking of such party was proper and did not come too late to save the plaintiff's case against the defendant connected with the obligation by the proof, where the striking was done before the jury was instructed.

APPEAL from Coosa Circuit Court.

Heard before Hon. A. H. ALSTON.

Assumpsit by The Lowe & Samford Groc. Co. against A. Y. Adamson and G. L. Adamson.  Plaintiff amended by striking G. L. Adamson as a party defendant, and the court gave affirmative instructions for the remaining defendant, and the plaintiff appeals. · Reversed and remanded.

GEORGE A. SORRELL and JOHN A. DARDEN, for appellant.  There was a conflict in the evidence and the court was in error in directing a finding for the defendant.— *L. & N. R. R. Co. v. Lancaster*, 121 Ala. 71; *Bates v. Hart*, 124 Ala. 427.  It was the right of the plaintiff to amend his complaint by striking the defendant which the evidence failed to connect with the obligation sued

[Lowe & Samford Gro. Co. v. Adamson, et al.]

on, and this amendment did not result in a discontinuance.—*Shriner v. Craft,* 166 Ala. 150.

RIDDLE, ELLIS & RIDDLE, for appellee. No brief reached the reporter.

BROWN, J.—After the plaintiff had offered its proof and rested, motion was made by the defendants to exclude all the evidence on the ground that the evidence did not disclose a joint liability of the defendants to the plaintiff—a variance between the averments and proof. The court granted this motion, but before the jury had been instructed as to the exclusion of the evidence, and before the charge of the court to the jury, the plaintiff, by leave of the court, amended the complaint by striking out the name of G. L. Adamson and electing to proceed against the appellee alone.

The amendment, under the established rule, did not come too late to save the plaintiff's case against A. Y. Adamson, if the evidence was sufficient to support the complaint as amended, and was properly allowed by the court.—*Fields v. Karter,* 121 Ala. 329, 25 South. 800; *Shriner v. Craft,* 166 Ala. 150, 51 South. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19; *McAnally v. Hawkins Lumber Co.,* 109 Ala. 398, 19 South. 417. Although the suit as originally filed was on a joint obligation alleged to have been entered into by both of the defendants, when the proof only tended to show an individual liability of the defendant A. Y. Adamson, thus developing a variance between the averments and proof, the very purpose of the statute of amendments is to meet this condition, and, when the necessity for the amendment is thus shown, the amendment by striking out one of the parties does not work a discontinuance of the case.— *Shriner v. Craft, supra.*

After the amendment was allowed, the evidence was abundantly sufficient to require the submission of the case to the jury, and it was error for the court to give the affirmative charge requested by the appellee.—*Pantaze v. West*, 7 Ala. App. 599, 61 South. 42; *W. U. T.! Co. v. Louisell*, 161 Ala. 231, 50 South. 87. The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.