# Drinkard v. The State.

*Selling Property on Which Another Has a Valid Lien.*

(Decided April 8th, 1915. 68 South. 553.)

1. *Landlord and Tenant; Landlord's Lien.*—A lien given a landlord by section 4734 is extended to the crops of a sub-tenant by section 4744, Code 1907.

2. *Same; Prosecution for Destroying.*—The state has the burden of showing that the property which had been sold was subject to a lien and that the defendant with knowledge sold such property with intent to hinder, delay or defraud, the lienor; the prosecution being for selling property, which was subject to a landlord's lien.

3. *Same; Lien; Matters Covered.*—The price of the hire of a mule advanced by the landlord to the tenant with which to make a crop becomes a lien on the crop under section 4734.

4. *Same.*—Where the landlord advances to the tenant a milk cow for the comfort of the tenant and his family, the hire for the use of the cow becomes a lien under section 4734, Code 1906.

5. *Same.*—Under the evidence in this case, it was for the jury to determine whether the defendant sold or removed cotton with knowledge of the landlord's lien, and with a fraudulent purpose.

6. *Same.*—Where the prosecution was for disposing of property on which another had a lien, it is sufficient if the evidence shows that the property disposed of was of the kind alleged in the indictment, and that it was of some value; it not being necessary to show that it was of the exact weight and value alleged.

7. *Trial; General Objection.*—Where the character of the defendant was in issue, character evidence will not be excluded, on a general objection, because it related to a period subsequent to the offense.

[Drinkard v. The State.]

Appeal from Morgan Law and Equity Court.

Heard before Hon. Thomas W. Wert.

Wesley Drinkard was convicted of selling property on which another had a valid lien, and he appeals Affirmed.

A merchant testified to purchasing 1,000 pounds of seed cotton from the wife of defendant, but before it was paid for "Peck telephoned me not to pay for this load of cotton, and I was afterwards sued by Ethel Drinkard, wife of defendant, for the load of cotton, and I paid the money into court and suggested Peck as claimant. Peck came down and failed to file his claim, and the judgment was rendered for and the money paid to Ethel Drinkard." Montgomery, a witness, testified that he drove the load down, that Drinkard helped to load it all, but did not go to Hartsell, and was not present when the cotton was sold, but that his wife went with witness and tried to get witness to sell the cotton in his name, but he refused, and it was afterwards sold in his wife's name. Dr. Peck testified, as did Montgomery, that defendant did not make a crop of cotton in 1913 anywhere, except on the place belonging to Dr. Peck. Peck further testified that defendant had paid the rent, and then introduced an account, consisting of various items of foodstuff for man and beast, cotton seed, hire of a mule, and rent of a cow, which he testified he furnished defendant in making the crops, and that he furnished it to him as landlord. Defendant moved to exclude the evidence.

After defendant had testified as a witness, the state offered several witnesses and asked each if they knew the general character of defendant in the neighborhood in which he lived, and the witnesses answering in the affirmative were then asked by the solicitor if his general character was good or bad. Each answered that it was

bad. The bill of exception recites that defendant objected to these questions, which objections were overruled by the court.

The following charges were refused defendant: (3) If defendant did not sell or remove 2,000 pounds of seed cotton for the purpose of hindering, delaying, or defrauding Peck, your verdict should be for defendant.

(4) Unless you find from the evidence that defendant sold or removed 2,000 pounds of seed cotton, upon which Peck had a valid lien, you should find defendant not guilty.

TIDWELL & SAMPLE, for appellant. The items for the hire for the mule and cow did not constitute a proper charge, nor a lien under the statute.—*Albright v. Mills,* 86 Ala. 324. The court erred in the admission of evidence relative to character of defendant.—*Robinson v. The State,* 5 Ala. App. 45; *Carter v. The State,* 59 South. 222.

WILLIAM L. MARTIN, Attorney General and W. H. MITCHELL, Assistant Attorney General, for the State. The items charged were properly covered by the statute. —§ 4734 Code 1907. The lien given by this section is extended to the crops of a sub-tenant by § 4744 Code 1907; *Bain v. Wells,* 107 Ala. 562. Under the evidence in this case the question of the guilt of the defendant was for the jury. Nothing more than a general objection was interposed to the evidence offered as to the character of the defendant, and the court is never in error in overruling that character of objection.

BROWN, J.—The statute gives the landlord a lien, which is paramount to, and has preference over, all other liens, on the crops grown on the "rented lands,"

for rent and for advances made in money or other things of value, either by him directly or by another at his instance, and for which the landlord becomes legally liable at the time before the advances are made, "for the sustenance or well-being of the tenant or his family, or for preparing the ground for cultivation, or for cultivating, gathering, sowing, handling, or preparing the crop for market," etc.—Code 1907, § 4734. This covers not only the crops of the tenant in chief, but extends to the crops of the subtenant grown on the 'rented lands," although there is no privity of contract between the landlord and the subtenant.—Code 1907, § 4744; *Bain v. Wells,* 107 Ala. 562, 19 South. 774; *Albright v. Mills,* 86 Ala. 324, 5 South. 591; *Agee v. Meyer Bros.,* 71 Ala. 88.

The evidence shows without dispute that the rent was paid by the defendant, and the burden of proof was on the prosecution to show that Peck had a lien for advances on the cotton alleged to have been removed or sold, and that the defendant, with a knowledge of such lien, removed or sold cotton covered by the lien with the intent to hinder, delay, or defraud the lienor.— *Jones v. State,* 113 Ala. 95, 21 South. 229. Under the evidence in the case, it was for the jury to determine whether the articles constituting the account offered in evidence were advances made to the defendant. If the hire or rent of the mule was advanced for the purpose of enabling the tenant to prepare lands and cultivate the crop, this would bring this item within the statute, as protected by the lien. And likewise if the use of the cow was advanced for the comfort and well-being of the tenant or his family, the landlord's lien would attach to the crop for this item of the account.—Code 1907, § 4734.

It was also a question for the jury under the evidence in the case whether the defendant sold or moved the cotton with a knowledge of the lien, with fraudulent purpose.—*Money v. State,* 89 Ala. App. 141, 65 South. 433; *Powell v. State,* 84 Ala. 444, 4 South. 719; *Jones v. State, supra.* The result is that the court ruled correctly on the defendant's motions to exclude certain parts of the evidence, and in refusing the affirmative charge requested by the defendant.

The testimony offered in rebuttal after the defendant had testified as a witness, as to the defendant's general character, was not patently inadmissible. The only objections made were general objections without specifying any grounds, and the court was not required to cast about for reasons to limit the testimony to the character of the defendant before the alleged crime.—*Gunter v. State,* 111 Ala. 24, 20 South. 632, 56 Am. St. Rep. 17; *Rector v. State,* 11 Ala. App. 333, 66 South. 857. If the specific objection had been urged that the proof be limited to a period prior to the offense, and that had been overruled, a different question would be presented.— *Robinson v. State,* 5 Ala. App. 45, 59 South. 321; *McGuire v. State,* 2 Ala. App. 131, 57 South. 51.

It was not incumbent on the state to prove the property alleged to have been fraudulent removed or sold was of the exact weight and value as described in the indictment. The burden of proof was met by evidence showing that the property was of the kind alleged, and that it was of some value.—*Rose v. State,* 117 Ala. 77, 23 South. 638. This justifies the ruling of the court in refusing charges 3 and 4 requested by the defendant.

There is no error in the record, and the judgment is affirmed.

Affirmed.