# Plunkett v. Dendy, et al.

### Assumpsit.

(Decided June 30, 1916.   72 South. 525.)

1. **Appeal and Error; Judgment to Support.**—A judgment entered upon a motion made by a defendant for a discontinuance granting the motion and awarding costs is such a final judgment as will support an appeal.

2. **Landlord and Tenant; Rent; Lien.**—Where the landlord levied upon the crops of his sub-tenant without first exhausting the crops of the chief tenant, the levy may be vacated on motion at the next following term of the court, under § 4744, Code 1907.

3. **Same; Property of Sub-tenant.**—Although the attachment for rent names only the tenant in chief, yet a sub-tenant's crop may also be levied upon if any deficiency exists after exhausting the crop of the tenant in chief.

4. **Same; Burden of Proof.**—To establish a right to levy upon the crops of a sub-tenant for unpaid rent, a landlord has the burden of showing that the crops of the chief tenant were insufficient to satisfy his claims.

5. **Same; Sub-Lease.**—There is no privity of contract between a landlord and a sub-tenant.

6. **Same; Form; Action.**—An attachment for rent by the landlord against his tenant in chief and sub-tenants, is a joint action ex contractu.

7. **Same; Plea.**—The allegation that the chief tenant did not raise a crop sufficient to satisfy the demands for rent, does not bring the case within § 4744, Code 1907, authorizing a levy upon the crops of a sub-tenant for any deficiency of rent after the crops of the chief tenant had been exhausted.

8. **Parties; Striking Out; Amendment.**—Under § 5367, Code 1907 defendants improperly joined may be stricken out without discontinuing the action, irrespective of whether the misjoinder appears upon the record, or upon the evidence.

9. **Same.**—Where the landlord's action for rent begun by attachment improperly joined the sub-tenant with the tenant in chief, it may be amended by striking out the sub-tenants without working a discontinuance of the action as to the chief tenant.

APPEAL from Cullman Circuit Court.
Heard before Hon. ROBERT C. BRICKELL.

[Plunkett v. Dendy, et al.]

Action by W. A. Plunkett against E. G. Dendy and others, to enforce a landlord's lien for rent, in which sub-tenants were joined with the chief tenant. From a judgment of discontinuance granted because of the striking of the sub-tenant, plaintiff appeals. Reversed and remanded.

Transferred from Court of Appeals.

W. E. JAMES, GEORGE H. PARKER and EYSTER & EYSTER, for appellant. A. A. GRIFFITH and CALLAHAN & HARRIS, for appellees.

THOMAS, J.—The judgment from which the appeal is taken, after setting out the several interlocutory orders made by the court, concludes as follows: "Thereupon the defendant E. G. Dendy moves the court for a discontinuance in this cause, which motion being submitted to the court and duly considered and understood by the court, it is ordered and adjudged by the court that said motion be and hereby is granted. It is further ordered and adjudged by the court that the defendants have and recover of the plaintiff W. A. Plunkett the costs of this suit in this behalf expended, for which let execution issue."

(1) Is this a final judgment that will support an appeal? It has long been declared by this court that if the judgment falls short of being a finding and adjudication, complete and certain, of the court, but is in effect a memorandum which indicates no more than that judgment was rendered, it cannot be sustained as the final consideration and determination of the court.—*Tombeckbee v. Godbold*, 3 Stew. 240, 20 Am. Dec. 80; *Hinson v. Wall*, 20 Ala. 298; *Speed v. Cocke*, 57 Ala. 209; *Bell, et al. v. Otts*, 101 Ala. 186, 13 South. 43, 46 Am. St. Rep. 117; 1 Freeman on Judgments (4th Ed.) § 2. In the following cases minute memoranda were held not final judgments that would support an appeal; *Speed, et al. v. Cocke, supra; Bell, et al. v. Otts, supra; Barnemann v. Morrison*, 132 Ala. 638, 32 South. 649; *Chamberlain v. M. F. & O. Co.*, 137 Ala. 187, 33 South. 822; *Wallace v. Crosthwait*, 139 Ala. 529, 36 South. 622; *Clarady v. Abraham*, 174 Ala. 130, 56 South. 720. In *Moore v. N. C. & St. L. Ry.*, 137 Ala. 495, 34 South. 617, the following was held a final judgment: "On this, the 18th day of November, 1902, come the parties by attorney, and the plaintiff demurs to defendant's pleas. It is considered and adjudged by the court that the demurrers be, and the same

are hereby, overruled. Issue being joined, come a jury of good and lawful men, to wit, 'W. H. Scarbrough and 11 others, who, being duly sworn and charged according to law, upon their oaths do say: "We the jury find in favor of the defendant." It is therefore considered by the court that the defendant go hence and recover of the plaintiff the costs in this behalf expended, for which let execution issue. It is further considered by the court that the plaintiff have 30 days in which to prepare and have signed his bill of exceptions.'"

In *Jasper Merc. Paper Co. v. O'Rear*, 112 Ala. 247, 20 South. 583, it is said: "The mere copying into what purports or was intended to be a judgment entry of memoranda made on the docket by the judge, such as, 'plaintiff's demurrer to the fourth, fifth, and sixth pleas overruled, and demurrers to other pleas sustained,' is not sufficient as a judgment of the court upon the demurrers. There should, in all cases, be a formal entry of the submission on demurrers to specified pleadings, a recital of consideration thereof by the court, and a formal adjudication, such as, 'It is therefore, considered and adjudged by the court that the demurrers, etc., be, and they are hereby, overruled,' or sustained, as the case may be."

In *Ex parte Hendree, et al.,* 49 Ala. 360, it was held that, where a cause is dismissed and final judgment is rendered against one of the parties for costs, an appeal will lie.—*Davis v. McColloch, et al.,* 191 Ala. 520, 67 South. 701.

While the judgment in the case was not final as between the parties on the issue presented, it was final in that it supports an appeal. The plaintiff had demurred to the defendants' motion to vacate the attachment levy, and the court overruled the demurrer; to his answer to the motion of defendants the court sustained the demurrer, and allowed plaintiff to amend the affidavit on which the attachment issued. The plaintiff "moved the court to amend the attachment bond," which motion was denied. Thereupon the defendant, E. G. Dendy, moved the court "for a discontinuance in this cause," which motion was submitted and duly considered, whereupon it was ordered and adjudged by the court that said motion for a discontinuance "be and the same is hereby granted," with costs, for which execution might issue. It is thus clear that the plaintiff could not proceed further in the lower court, and that the judgment entry discloses the submission, consideration, and final decision of the right to further procedure by

plaintiff against the defendants, and that the plaintiff was taxed with the costs there incurred. A consideration of the several authorities pointed out above shows them to sustain the finality of this judgment to support an appeal. This is in consonance with the authorities collected and the conclusion reached in *De Graffenried v. Breitling,* 192 Ala. 254, 68 South. 265.

The plaintiff's suit by attachment was against the tenant in chief, E. G. Dendy, and his subtenants, Tom Dendy, Lee Dendy, and Gaines Williams and John Teague. The affidavit on which the writ issued recites, among other things, that: . The "said E. G. Dendy is the tenant of W. A. Plunkett in chief, and Tom Dendy, Lee Dendy, Gaines Williams, and John Teague are the subtenants of the said E. G. Dendy, and they owe the said W. A. Plunkett for rent and advances past due, and they have failed to pay the same after demand made, and that there is good cause to believe that the tenant in chief and his subtenants are about to remove from the premises, or otherwise dispose of a part of the crops, without paying such rent and advances, and without consent of the landlord, the said W. A. Plunkett, and that this attachment is not sued out for the purpose of vexing or harassing the defendants."

The writ directed the sheriff to attach, of the estate of the defendants, "so much," to wit: "All the crops of corn and cotton and other produce raised by E. G. Dendy, tenant in chief, and Tom Dendy, Lee Dendy, Gaines Williams, and John Teague, subtenants of the said E. G. Dendy, which said crops were raised on the following lands" [describing them], etc.

The crop so levied upon was replevied by the defendants in attachment.

On the trial, defendant E. G. Dendy moved the court to quash said writ of attachment on the ground, among others, that it affirmatively appeared that the attachment was erroneously issued against the defendant, E. G. Dendy, and his subtenants. Defendants, the four named subtenants, moved to vacate the levy and quash the attachment writ because the property levied upon was grown upon lands sublet to them by E. G. Dendy, and the crop of E. G. Dendy, the tenant in chief, had not been exhausted to satisfy the alleged rent due the plaintiff. By way of answer to the subtenant defendant's motion, the plaintiff said that the tenant in chief did not make on the lands of the plaintiff a crop sufficient to satisfy plaintiff's demand, and that it was necessary

to levy upon the crops of the said subtenants in order to satisfy plaintiff's demand. The court sustained defendants' demurrer to the plaintiff's answer to the subtenants' motion pointing out the failure to allege such exhaustion of the crop of the tenant in chief, in the collection of his claim for rent and advances. On account of such adverse ruling, plaintiff amended the attachment affidavit by striking out the names of the subtenants, and moved the court for a like.amendment of the attachment writ to conform to the amended attachment affidavit, which motion of plaintiff the court overruled. There being no evidence introduced, the defendant E. G. Dendy moved the court for a discontinuance, which was granted. The plaintiff duly excepted to this action of the court, and takes this appeal.

The motion to vacate being timely, if the subtenants were improperly joined as defendants in attachment, was such improper joinder an amendable defect? Appellees contend that, inasmuch as the action was ex contractu against all the defendants jointly, and all the defendants were properly served and brought into court, the attachment affidavit, bond, and sheriff's return were not amendable, and the attempted amendment by striking out the subtenants worked a discontinuance. That is to say, an amendment striking out one of the parties defendant, without the introduction of testimony showing the necessity for such action, by reason of some personal defense applicable to that defendant, and inapplicable to the others, will operate as a discontinuance of the entire cause. The statutory provision for levy on the crops of subtenants, when an attachment or other process is sued out by the superior landlord or his assignee, for the enforcement of the lien of the landlord, requires that the crop of the tenant in chief must be first exhausted before levy is made on the crop of the subtenant, but provides that if the tenant in chief makes no crop, or if the crop made by him is not sufficient to satisfy the plaintiff's demand, then a sufficient amount of the crop of the subtenant may be levied on to satisfy the deficiency; and any levy made in violation of this statute may be vacated on motion, at the first term of the court thereafter.—Code 1907, § 4744. This statutory provision was incorporated in the Code of 1876, and has been construed by this court.

(2) An improvident attachment against, or levy upon the crop of the subtenant may be vacated on timely motion. In *Baker v. Allen,* 161 Ala. 288, 49 South. 886, it was stated that the provi-

sions of this statute were intended for the protection of the sub-tenant, upon whose crop, as upon all crops grown on the rented lands, the landlord has a lien: "That the statute plainly provides the sole means for its application, viz., by motion to vacate a levy made in violation of it, and that motion must be made at the first term of court thereafter."

(3, 4) In the original attachment affidavit, there is no averment that the tenant in chief did not make a crop, nor that the crop made by him was insufficient to satisfy the plaintiff's demand as landlord, nor that the crop of the tenant in chief had been first exhausted in its subjection to the payment of the landlord's superior lien. The writ, as we have seen, directed the attachment of all the crops and produce raised by both the tenant in chief and the subtenants on the described lands. It is true that an attachment sued out by a landlord for the recovery of his lien as such, the mandate of which is against only the crop of the superior tenant, may be levied, not only on the crop of the superior tenant, but (to supply a deficiency due to the named causes) also on the crops raised on the rented premises by the subtenant; but the crop of the tenant in chief must be first exhausted in satisfaction of the landlord's lien.—*Agee v. Mayer Bros.*, 71 Ala. 88; *Albright v. Mills*, 86 Ala. 324, 5 South. 591. In *Lehman Bros. v. Howze & Creagh*, 73 Ala. 302, Chief Justice BRICKELL declared that the statute, in express terms, required that the crop of the tenant in chief, or superior tenant, as he is indifferently termed, shall be exhausted before a levy is made on the crop of the undertenant, and that a levy in violation of this statutory provision must be vacated on timely motion. It was not necessary, therefore, to proceed against the undertenants by name. In an action against the superior tenant the crops of the undertenant may be subjected in the cases permitted by the statute. Since, however, the affidavit was against both the superior and the undertenants, it should have been made to appear by the record or by the bill of exceptions that the superior tenant had made no crop, or that the crop made by him was not sufficient to satisfy the landlord's demand, and that it was necessary to levy on the crop of the subtenants "to supply the deficiency." There could be no "deficiency" ascertained, unless such of the crop as the superior tenant made on the rented premises was seized and subjected to the lien of the landlord. The burden of showing this statutory necessity to make the "deficiency" out of the crop

grown by the subtenants was upon the landlord.—*Drinkard v. State,* 12 Ala. App. 184, 68 South. 553.

(5, 6) Since there is no privity of contract between the landlord and the subtenant (*Drinkard v. State, supra; Bain v. Wells, et al.,* 107 Ala. 562, 19 South. 774; *Agee v. Mayer Bros., supra*) the suit against the defendants will be taken to have been a joint action ex contractu. In *McAnally v. Hawkins L. Co.,* 109 Ala. 398, 19 South. 417, an action by a materialman to enforce a statutory lien, the court said: "The evidence shows a contract, if with any one, not with defendant P. McAnally, for the price of the materials furnished. No personal judgment could be rendered aganist him on the evidence, and, the complaint being made against both defendants for a personal judgment, on a joint contract by them with plaintiffs, no defense which does not go to both defendants as to the contract for the payment of money can be maintained, unless it be of the class called personal."

The only amendment that plaintiff sought to make was by striking out parties defendant. If this amendment amounted to a discontinuance, it was not protected by section 2965 of the Code of 1907.

(7) Neither plaintiff's affidavit nor his answer brought the case within section 4744 of the Code, where the crop of the subtenant is subjected to levy for the "deficiency," after the crop of the tenant in chief has been "exhausted." There was introduced no evidence, and there was shown no variance between allegation and proof, authorizing the amendment.—*McAnally v. Hawkins L. Co., supra; Lowe & Samford Gro. Co. v. Adamson, et al.,* 12 Ala. App. 541, 68 South. 476; *Cobb v. Keith, et al.,* 110 Ala. 214, 18 South. 325.

(8, 9) Our court has held that a dismissal as to one or more defendants after service is perfected in a joint cause of action constitutes a discontinuance of the action against the moving defendants.—*Atlas Coal Co. v. O'Rear,* 141 Ala. 591, 50 South. 63; *Evans Marble Co. v. McDonald & Co.,* 142 Ala. 130, 37 South. 830; *Ashby Brick Co. v. Ely-Walker D. G. Co.,* 151 Ala. 272, 44 South. 96; *Hayes v. Dunn,* 136 Ala. 528, 34 South. 944; *Torrey v. Forbes,* 94 Ala. 135, 10 South. 320; *Kendall v. Lassiter,* 68 Ala. 181; *Reynolds v. Simpkins,* 67 Ala. 378; *Masterton v. Gibson,* 56 Ala. 56; *Curtis v. Gaines,* 46 Ala. 467; *Fennell v. Masterton,* 43 Ala. 268; *Mock v. Walker,* 42 Ala. 668; *Whitaker v. Van Horn,* 43 Ala. 252; *Adkins v. Allen,* 1 Stew. 130; 1 Chitty, Pl. 478; 1 Kent 477; Code, § 2502.

The recent cases where it is held that amendment may be made without a discontinuance are illustrated in *Bietman v. Birmingham Paint & Glass Co.*, 185 Ala. 313, 318, 64 South. 600, the first headnote of which reads: "Where the action was against B. and another, and it appeared at the close of plaintiff's evidence that defendants were not jointly liable, there was evidence tending to show that B. was the party liable, whereupon plaintiff amended by striking the name of the other defendant, B. was not entitled to a discontinuance, although on the cross-examination of plaintiff's witnesses evidence was adduced tending to support the claim of B. that the other defendant was liable," etc.

So in *Beecher v. Henderson, et al.*, 4 Ala. App. 543, 549, 58 South. 805, where it said, of the case of *Shriner v. Craft,* 166 Ala. 146, 51 South. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19: "The record before the court in that case showed the necessity for dismissing as to one of the defendants. The complaint in that case alleged that the contract sued upon was between the plaintiff and the defendant W. A. Shriner, and by error, apparent on the face of the proceedings, both Shriner and his wife were made parties defendant, and the court correctly held that the wife was an improper defendant, and that this was shown on the face of the complaint, and a dismissal could be had as to the wife without working a discontinuance of the case. An amendment, striking a party defendant where there is no misjoinder or nonjoinder, is allowable where a defense personal to the party stricken is interposed or is shown by the record to exist, but in the case at bar, at the time plaintiff dismissed as to the defendant Hudson, there was no personal defense interposed by this defendant such as would authorize a discontinuance as to him, no proof offered nor reason shown for discontinuing as to him, and the record disclosed none."

Likewise, in *Scarbrough v. City National Bank,* 157 Ala. 577, 581, 48 South. 62, 131 Am. St. Rep. 71, an action in assumpsit, construing section 5367 of the Code of 1907, it was held that one of the objects of the statute was to permit amendments striking improper parties to the suit "without working a discontinuance of the action." And again, in *Vinegar Bend L. Co. v. Chicago Title & Trust Co.*, discussing the provisions of the statute, it was said by this court that: "The only limitation on this right [of amendment] is that a party shall not be allowed to depart in the complaint entirely from the process, or substitute an entirely new

cause of action, or to make an entire change of parties."—131 Ala. 411, 30 South. 776.

And in *Evans Marble Co. v. McDonald & Co., supra,* the court says: "It is true the statute of amendments authorizes the striking out of a party defendant who has been served with process (section 3331, of Code [section 5367, Code 1907])" but that "it has been uniformly held that this can only be done, in cases of this character, after a misjoinder has been shown."

It was pointed out in *Shriner v. Craft,* 166 Ala. 146, 151, 51 South. 884, 28 L. R. A. (N. S.) 450, 139 Am. St. Rep. 19, that it is immaterial how the fact of misjoinder of parties comes to the knowledge of the court; that whether it is shown by the face of the pleadings, and is brought to the attention of the court by demurrer, or is subsequently made to appear in the evidence, the amendment must be allowed under the statute. The liberal interpretation given the statute of amendments in *Pickett v. Pope,* 74 Ala. 122, is approved by Mr. Justice Somerville in *Brown v. Loeb,* 177 Ala. 106, 110, 58 South. 330. Adverting to one of the earlier cases stating the rule of discontinuance because of amendment by striking a party defendant after service, this court (*Mock v. Walker, supra*) said: "In construing this statute (section 2809, Rev. Code), our predecessors held as follows: 'Judging from its language, we think the object of the statute was to cure defects arising from a nonjoinder or misjoinder, without turning the case out of court. The words do not naturally go further than this,' etc.—*Laird v. Moore,* 27 Ala. 326. If this be a correct interpretation of the statute, it follows that when the suit is upon a joint contract, and all the defendants have been served with process, and there is no nonjoinder or misjoinder of parties, an amendment like the one made in the present case operates as a discontinuanc of the action, unless the amendment is made in consequence of a defense interposed by the party whose name is stricken out, of such personal character as would authorize a discontinuance as to him, without effecting a discontinuance of the entire action."

In this case it appears from the allegations of both of the motions of the four subtenants of E. G. Dendy, tenant in chief, and from their demurrer to the answer of the plaintiff to such motions, that the subtenants were improper parties to the attachment. The statute is clear to the right of amendment by striking out parties; and our decisions are uniform to the effect, that the

striking out of an improper party, if the necessity therefor is shown by the record or by the evidence, does not work a discontinuance of the case, and that it cannot be material how the fact comes to the knowledge of the court that such person is an improper party, whether it appears upon the face of the pleadings and is so brought to the attention of the court, or is subsequently made to appear in the evidence.—*Shriner v. Craft, supra.*

It affirmatively appears from the motions of the subtenants to vacate the levy of the attachment, and from their demurrer to the plaintiff's answer to such motions, that no just cause of action existed against them. The plaintiff, therefore, had the right to amend, by striking them as parties defendant, without prejudice to the cause of action against E. G. Dendy, a proper party defendant.—*Atlas Coal Co. v. O'Rear, supra; Shriner v. Craft, supra.*

The judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.